Darby et al. *v.* Clare Food and Relish Company, Appellant.

Argued October 20, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

538

*Edmund W. Kirby* of *Morris & Kirby,* for appellant.—The plaintiff, a trespasser, to be entitled to damages must make it appear that there was a want of care and recklessness equivalent to a wanton or intentional disregard of duty: Bannon v. The Pennsylvania Railroad Company, 29 Pa. Superior Ct. 231; Hojecki v. Phila. & Read. Ry. Co., 283 Pa. 444; Thompson v. B. & O. R. R. Co., 218 Pa. 444.

*Herman D. Levinson,* and with him *Barnet Lieberman* and *A. A. Sulcowe,* for appellee, cited: Mann v. Weiand, 81* Pa. 243.

OPINION BY BALDRIGE, J., February 1, 1934:

On June 5, 1929, the minor plaintiff, three years of age, was playing or passing in front of defendant's premises, in the city of Philadelphia, when a police dog, which had extended its head and the forepart of its body through a hole in the fence enclosing defendant's property, bit the child while he was kicking at the dog. The jury found a verdict for the minor plaintiff in the sum of $1,200 and for the parents in the sum of $82. This appeal followed.

The appellant's contention is that the minor plaintiff was a trespasser, and that there was a failure by the plaintiffs to show a wanton disregard of duty on the part of the defendant, and, therefore, no recovery can be had, under the rule recognized in Bannon v.

P. R. R. Co., 29 Pa. Superior Ct. 231; McGinnis v. Peoples Bros., 249 Pa. 335, 94 A. 925; Hojecki et al. v. P. & R. Rwy Co., 283 Pa. 444, 129 A. 327.

The boy was not trespassing, as he was not on the defendant's premises but on the highway, where he had a right to be; and there is no evidence to support the contention that the little boy kicked through the hole at the dog. The testimony is that the dog's head and almost all of its shoulders were protruding through the hole. It was only after this vicious and infuriated dog had seized the boy's leg and pulled it inside the fence that any portion of the boy's body was within the enclosure. If we would assume that the boy was a trespasser, the defendant was still responsible for its dog, which it knew to be vicious. It was conceded that the dog had previously bitten two other persons and that notice thereof had been expressly given to the defendant. In Eberling v. Mutillod (N. J.), 101 A. 519, 520, the court said: "The doctrine is that, in an action for injuries caused by an attack by a vicious animal kept by a person on his premises, the mere fact that the injured person was a trespasser at the time will not, as a matter of law, defeat the action. A leading case on this subject is that of Marble v. Ross, 124 Mass. 44." See, also, Cooley on Torts, Vol. 2, (3d ed.), p. 697.

The gravamen of this action is not the failure of the defendant to maintain a proper fence, but is the keeping of a dog with knowledge of its vicious propensities. The defendant, having such knowledge, kept the dog at its peril and must respond for damages, irrespective of other omissions on its part. In Mann v. Weiand, 81* Pa. 243, 254, which was an action to recover for the death of the plaintiff's husband, caused by a ferocious dog, it was said: "We think one instance may show such unmistakable evidence of a vicious propensity as to make

the owner of the dog, with notice, liable for any subsequent act of a similar character. The *gist* of the action for the subsequent misconduct of the dog, is for keeping it after knowledge of its vicious propensities." In Netusil v. Novak (Neb.) 235 N. W. 335, 337, the court said: "The owner of a dog, known by him to have vicious and mischievous propensities owes a legal duty to every one to protect them from injury. He especially owes this duty to a traveler passing along the highway adjacent to his premises." This case is also cited in Green's Cases on Torts, p. 235, and contains in its notes a number of other authorities. It is stated in 1. R. C. L. 1116, §59: "Negligence or lack of care on the part of the owner in keeping or restraining the animal need not be shown, and proof of the absence thereof is no defense, despite the possibly contrary inference deducible from the statement of the rule, frequently met with in the reports, that one knowingly keeping a vicious dog is prima facie liable for injuries inflicted by it. Therefore unless the owner or keeper can be relieved by some act or omission on the part of the person injured, his liability may be said to be absolute."

The appellant argues further that there was not sufficient evidence on the part of the plaintiffs to prove defendant's negligence in that they did not show actual notice to the defendant of the condition of the fence, or that it had been out of repair a sufficient length of time to create constructive notice of its condition. Dorothy Feldman stated that the hole had been there "for a good while." While that was somewhat indefinite and relative, yet, as used in this connection, the fair implication is that the hole was not temporary. There was further testimony as to the duration of the defect in the fence by Mrs. Manning, who said: "When I would go by that hole they had in the fence they (the dogs) would growl at me,"

from which could be drawn the inference that the hole was not the result of a recent break in the fence.

We find no merit in the complaint that the charge of the trial judge was erroneous or inadequate. His instructions to the jury conformed to the ruling to which we have referred. Furthermore, no request was filed for more specific instructions, and it is a general rule that error can not be assigned for what was not said unless there was a request so to charge. "One 'may not sit silent and take his chances on a verdict, then if it is adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless' ": Mastel v. Walker, 246 Pa. 65, 72, 92, A. 63.

Assignments of error are overruled, and judgments affirmed.