## Fink, Appellant, *v.* Miller.

Argued March 22, 1938.    Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*James F. Coyle,* with him *John G. Bell,* for appellant.

*Milton P. Shore,* with him *Albert Martin,* for appellee.

OPINION BY MR. JUSTICE MAXEY, April 18, 1938:

Plaintiff brought an action against the defendant for damages based on the allegation that plaintiff was bitten by a dog of vicious propensities which defendant kept upon her premises.   The affidavit of defense filed denied that the dog which inflicted the injuries was in the charge, custody and control of the defendant or that she well knew it was an animal of vicious propensities. At the conclusion of plaintiff's testimony a nonsuit was granted.

Plaintiff testified that the dog which bit her on the elbow and ankle on June 4, 1935, while entering the back door of defendant's home, was a Chow dog about 20 inches in length and 18 inches in height. She said she knew this dog as a pup about a year previously and that the dog "ate out of her hands," and that just before it bit her it was "friendly."

Another witness testified that she visited the defendant's home in the latter part of May, 1935, and at that time a Chow dog jumped at her and gave her "a little tear in the right hand." This witness testified on cross-examination that when she lived on the third floor of defendant's house a year and a half before the dog bit the plaintiff, defendant had a *black* dog and that the dog which bit the witness on May, 1935, was a *red* dog. She also testified that the dog which bit her was "bigger" than the dog which bit the plaintiff and that "Mr. Miller" (defendant's son) "took the [latter] dog with him." In its opinion the court below said: "It is very evident from the testimony in this case that the dog which bit the plaintiff was different from that which bit Mrs. Wittman, and the dog owned by the son of the defendant was not harbored on these premises. The son did not live with his mother at the time but apparently would bring his dog on occasion to his mother's home." When Mrs. Miller was asked on cross-examination if it was not "a fact that this same dog bit Mrs. Wittman that bit Miss Fink," she replied that she "didn't know." She admitted she had only one dog.

Under the evidence in this case a compulsory nonsuit was called for. In *Andrews v. Smith et ux.*, 324 Pa. 455, 459, 188 A. 146, we said: "Animals such as horses, oxen and dogs are not beasts that are feræ natura, i. e., wild beasts, but are classed as mansuetæ natura, i. e., tamed and domesticated animals, and their owners are not responsible for any vicious acts of theirs unless the owners have knowledge that they are likely to break away from their normal domestic nature and become vicious."

In the instant case the burden was upon the plaintiff to prove the averments that the defendant owned and harbored the dog which bit the plaintiff and that at that time defendant well knew that it was an animal of vicious propensities and was likely to become ferocious and uncontrollable. The equivocal testimony offered in behalf of the plaintiff fell far short of meeting this required burden. Even if it were established by the fair preponderance of the evidence that the dog that bit plaintiff's witness, Mrs. Wittman, was the same dog that bit plaintiff, the episode which Mrs. Wittman described would not be sufficient to give that dog a reputation of being vicious though Mrs. Wittman did testify that she was "afraid of the dog." Mere fear of a dog does not prove that the dog that excites the fear is vicious. Whether the "little tear" referred to by the witness was the result of the dog's viciousness or playfulness the evidence does not clearly disclose. In the case of *Darby et al. v. Clare Food & Relish Co.,* 111 Pa. Superior Ct. 537, 170 A. 387, it was established that the dog which caused the injury in that case had previously bitten two other persons and that notice thereof had been expressly given to the defendant. This court held in *Mann v. Weiand,* 81* Pa. 243, 254, that "one instance [of an attack by a dog] may show such unmistakable evidence of a vicious propensity as to make the owner of the dog, with notice, liable for any subsequent act of a similar character. The *gist* of the action for the subsequent misconduct of the dog, is for keeping it after knowledge of its vicious propensity."

Plaintiff proved that she was bitten by a dog *evidently* harbored by defendant, but she did not prove that this dog had unmistakably vicious tendencies known to defendant. Therefore, she failed to make out a case.

The judgment is affirmed.