## ZAREK v. FREDERICKS.

### Nos. 8345, 8346.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 21, 1943.

Decided Nov. 8, 1943.

W. J. Fitzgerald, of Scranton, Pa. (Edward J. Kelly and Kelly, Fitzgerald & Kelly, all of Scranton, Pa., on the brief), for appellant.

Stanley F. Coar, of Scranton, Pa. (A. M. Lucks and David J. Reedy, both of Scranton, Pa., on the brief), for appellees.

Before JONES, GOODRICH, and Mc-LAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

The defendant appeals from a judgment against him in the District Court rendered in favor of the minor plaintiff, Vincent Zarek, and a second judgment in favor of the minor's mother. The basis of each recovery is the damage claimed to the respective interests of each plaintiff when Vincent was bitten by a dog owned and kept by the defendant at his summer resort hotel in Monroe County, Pennsylvania, where the mother and son were vacation guests. There is no dispute concerning the defendant's ownership and possession of the dog, nor the fact that the dog bit the

minor plaintiff as the boy leaned over to pet the dog while it lay near the hotel, shortly after midday. Federal jurisdiction is invoked because of diversity of citizenship, but the question of defendant's liability is purely one of Pennsylvania law, and, therefore, governed, so far as applicable, by the decisions of the Pennsylvania courts.

The underlying rule of law governing the case is not in doubt. Pennsylvania decisions enunciate with only slightly varying phraseology, the well known rule of the common law that one who keeps a domestic animal which he has reason to know has vicious propensities abnormal to its class is liable for the harm the animal causes to others. Mann v. Weiand, 1876, *81 Pa. 243; Fink v. Miller, 1938, 330 Pa. 193, 198 A. 666; Darby v. Clare Food & Relish Co., 1934, 111 Pa.Super. 537, 170 A. 387; 3 Restatement, Torts (1938) § 509. This liability is not based on negligence; it is applicable regardless of the care taken to guard against harm. Darby v. Clare Food & Relish Co., supra. There is no doubt in this case that the boy comes within the protection of the rule since he was a business visitor on the defendant's premises. Nor is there any question here involved of contributory conduct on the plaintiffs' part to bar recovery. 3 Restatement, Torts (1938) § 515. The question, so far as it concerns the liability, is limited to the sufficiency of the proof that the dog was vicious and that the defendant knew or had reason to know that fact. The jury, under instructions from the trial judge, of which no complaint is made, found in favor of the plaintiffs. On this appeal, therefore, the plaintiffs are entitled to have considered as true all the evidence which was offered upon this issue and are entitled to the inferences reasonably to be drawn therefrom.

The dog was six years old at the time he attacked the boy. The defendant had owned him from infancy. The animal's mother was a collie or German shepherd; father unknown. He had, so far as the evidence shows, never bitten anyone before, and the only evidence of an attack on anyone is that given in the mother's testimony and admitted by the defendant, mentioned below. But, the notion that a dog is entitled to one bite before it becomes a source of liability to its owner has been repudiated in Pennsylvania, Andrews v. Smith, 1936, 324 Pa. 455, 188 A. 146, and elsewhere. 3 Restatement, Torts (1938) § 509, comment g. It is enough that facts are shown from which the vicious propensities may be found. Were sufficient facts shown here to support the verdict which the jury reached?

The evidence most favorable to the plaintiffs was their own testimony. Mrs. Zarek testified that the defendant kept and trained the dog as a watch-dog. She said that the defendant had told her that in order to try out the dog, he, on one occasion, raised his hand to strike his wife and the dog leaped at him and tore the shirt off his back. Unlike another dog owned by the defendant, "Sport", who is the actor in this drama, was not allowed to roam around during the day, but was kept in or near the kitchen. At night the dog would be allowed out, near the guests at the hotel, although the plaintiffs' testimony was equivocal as to whether on such occasions the dog was always accompanied, either by the defendant or his wife. When the guests petted the dog he snarled, showed his teeth and backed away. The defendant did not want guests to pet the animal since, so he supposedly stated, "you would never know when a dog will turn on you." Vincent stated that when he went in the kitchen of the hotel Mr. Fredericks would hold the dog.

There was testimony denying or explaining all of the above statements but we must at this stage of the case take them at their face value after the jury's verdict. Each individual fact is not, perhaps, very strong against the defendant. Taken together they lend support to the conclusion that the defendant knew and feared the consequences of vicious propensities in "Sport" and had taken precautions against them. The plaintiffs are entitled at this stage of the matter, at any rate, to have them considered together and not to have their cable broken by snapping the individual strands which make it up. We cannot say that the finding of the jury in the plaintiffs' favor was so unreasonable that it should be set aside.

The defendant urges that the damages are excessive and made this point in his motion for a new trial in the court below and in his appeal here. The trial judge considered the question and expressed his lack of dissatisfaction with the award made by the jury. With the $1,000 recovery for the mother we find no occasion

for disagreement. There was some out of pocket expenses. There was also testimony about the cost of operative treatment for removal of some or all of the scars left by the bite. There was also testimony showing the necessity or desirability of such treatment. We think the jury was not unreasonable in its estimate of the damage for the invasion of the interest of the parent.

■ The $4,000 awarded to the minor plaintiff, Vincent, seems somewhat high. There is evidence of medical treatment following the dog bite which, while no doubt painful, was not serious enough to require hospitalization. The eyesight is not impaired; on the other hand there is a slight droop of one eyelid. There are scars and they may be permanent. There is also testimony from a physician, the mother, and from a former principal of the boy's school with regard to his nervous condition following the accident. It must be borne in mind that the injuries were non-pecuniary in their nature and to measure them by a yardstick of dollars is a difficult task at best. That is the jury's function. Here the jury has made its award and the trial judge was not dissatisfied with it. We do not think under these circumstances that the award, while overliberal, is so outrageous that we, as an appellate court, may interfere. See the discussion upon this point in Herring v. Luckenbach S. S. Co., Inc., 2 Cir., 1943, 137 F.2d 598.

Affirmed.