Clark, Appellant, *v.* Clark.

194

Argued November 9, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Harold S. Hampson,* with him *Joseph H. Goldstein,* and *Hampson and Hampson,* for appellant.

*Robert L. Wolfe,* for appellees.

OPINION BY HOFFMAN, J., December 16, 1965:

Plaintiff, Alice M. Clark, brought an action in trespass for damages from personal injuries sustained when she was knocked down by a dog. Defendants,

Kenneth H. Clark and Evelyn L. Clark, are the owners of the dog. The jury returned a verdict of $3,000 for plaintiff, but the court granted the defendants' motion for judgment n.o.v.

In considering the propriety of a judgment n.o.v. we must adhere to the well-established rule that the verdict winner is entitled to the benefit of all favorable facts and inferences, *Groner v. Hedrick,* 403 Pa. 148, 169 A. 2d 302 (1961), and that any conflict in the evidence must be resolved in her favor.

Before leaving on a vacation trip, defendants shut their dog in their garage with food and water and agreed with plaintiff that it would be entrusted to her care during their absence. On the following day, in accordance with this understanding, plaintiff drove to defendants' garage for the dog. When she opened the garage door, however, the dog immediately ran out to the back end of the lot. Plaintiff called to the dog, whistled, and then started to return to her car. While she was walking around the garage, the dog ran up behind her and struck her forcibly at the back of the knees. Plaintiff fell and fractured her left hip. At the time of this incident, the dog, a female Scotch Collie, weighed approximately forty to fifty pounds and was about eight months old.

The principles which control the present case were set forth in *Groner v. Hedrick,* supra. The plaintiff there was injured by a Great Dane which jumped upon her and knocked her down. The evidence showed that the owners were aware that the dog had jumped on people on previous occasions. The jury returned a verdict for the plaintiff, but the trial court granted a judgment n.o.v. The Supreme Court reversed and indicated that there was no doubt that the evidence was sufficient to establish defendant's negligence.

The Court held that: "A large, strong, and over-friendly dog may be as dangerous as a vicious one, and

. . . [that] the dog's behavior at home is enough to bring knowledge to his owners, when considered together with its size and their apparent knowledge that it might jump up on people." The Court further held that the owner's duty does not depend on whether his dog is vicious or playful when it inflicts harm, and that the law imposes a duty of restraint on the owner of a dog when he knows of the animal's playful but dangerous propensities.[1]

In the instant case defendants admitted that the dog was playful and had a habit of jumping on people; that the dog had a talent for playing football; that the dog would strike with her body, just as a tackler would; that plaintiff had never taken care of the dog before; and that they did not advise plaintiff of the playful habit and frolicsome nature of the dog. The testimony of Kenneth H. Clark, which is corroborated by his wife, follows:

"Q. Now, as was read into the record, you folks realized and knew that this dog was a playful frolicsome dog and liked to jump around and play?

---

[1] The Court stated in *Groner* at pp. 151-152:

"An Alabama case argues what seems to us the correct rule: Owen v. Hampson, 258 Ala. 228, 62 So. 2d 245, 248 (1952), in which the court said: 'Based on a review of our cases, as well as those from other jurisdictions, it is our opinion that the law makes no distinction between an animal dangerous from viciousness and one merely mischievous or dangerous from playfulness, but puts on the owner of both the duty of restraint when he knows of the animal's propensities. [citing cases]

" 'In 3 C.J.S. §148 c, p. 1250, under the title Animals the rule is stated thus: "A vicious propensity is a propensity or tendency of an animal to do any act that might endanger the safety of the persons and property of others in a given situation. Although an animal is actuated solely by mischievousness or playfulness, rather than maliciousness or ferociousness, yet if it has a tendency to do a dangerous or harmful act, it has a vicious propensity within the meaning of the rule holding the owner or keeper liable for injuries resulting from vicious propensities of which he has knowledge." ' "

"A. Yes.

"Q. You were aware, too, that from having observed the dog, and having experienced this yourself, that the dog would jump up on people when it was playing?

"A. Yes, sir.

"Q. Did it play with the children, and your children, in the neighborhood there, Mr. Clark?

"A. Yes, sir.

"Q. What sort of playing did it do?

"A. The teenage boys played football in the back yard, and she would play right with them. She actually learned to play football with them.

"Q. Tell us what she would do when they would play football? What would the dog do?

"A. She would use her paw to throw out in front of a leg and she would strike with her body, just like a tackler would.

"Q. And had she done that sort of thing for quite some time before July 11th?

"A. Well, all spring she did, she had been practicing with the kids.

"Q. According to the admission of the pleadings and the pretrial conference you entrusted this dog to your mother for care while you went on a vacation?

"A. Yes, sir.

"Q. Had your mother ever taken care of this dog before?

"A. No, sir.

"Q. Had you ever advised your mother that the dog had this playful habit and frolicsome nature as you have just described it to us?

"A. Not to my knowledge I never did."

After examining the entire record and considering the decision of the Supreme Court in *Groner*, we hold that the jury acted reasonably in concluding that the defendants were liable, and that the granting of judg-

ment n.o.v. was in error. In attempting to distinguish *Groner* from the present case the court below compared the physical characteristics of the dogs in each case. We are of the opinion that it was for the jury to consider the age and strength of the dog. This is especially true in the instant case, since the record indicates that the dog weighed approximately forty to fifty pounds and had learned to tackle teen-age boys with her body. Similarly, the attempt of the trial court to distinguish the two cases on the ground that the plaintiff in *Groner* was seventy-four years old while the plaintiff in the present case was sixty-nine years old is of no significance.[2]

At the close of the trial, the plaintiff moved for a new trial on the ground that the verdict was grossly inadequate. The court below said: ". . . this verdict is less than one-half of Plaintiff's hospital bills, medical bills and lost wages, with nothing allowed for pain and suffering, and is so disproportionate to the uncontradicted evidence that it seems to be based on a misconception of the law. This could justify a new trial if there had been any proof of negligence to submit to the jury, but no negligence was shown. The record discloses no other ground for a new trial. The case was fully and fairly tried and no error appears. Plaintiff's Motion must be dismissed." In light of our conclusion that the judgment n.o.v. is erroneous, the court below should have the opportunity to pass upon the motion for a new trial.

---

[2] The Supreme Court also held in *Groner*, that it was for the jury to determine whether plaintiff had assumed the risks involved in caring for the dog. The Court said at p. 153: "We think that it was for the jury to say whether plaintiff, under the economic pressure of the job, had knowledge of the facts and understanding of the risks, when the facts and the risks were dependent upon Sleepy's mood, and hence whether she can be held to have assumed them. There are too many variable factors in the dog and in the person and in the enclosing circumstances."

Judgment n.o.v. reversed. Order dismissing motion for new trial vacated and case remanded for further proceedings relating to the motion for new trial.

MONTGOMERY, J., dissents and would affirm on the opinion of the court below.