428 A.2d 186

James G. SNYDER, a minor, by Margaret J. Snyder, guardian, Appellant,

v.

MILTON AUTO PARTS, INC.

Superior Court of Pennsylvania.

Argued March 3, 1980.

Filed April 3, 1981.

Frank E. Garrigan, Shamokin, for appellant.

Mary Jane Forbes, Harrisburg, for appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Union County denying the plaintiff's motion to take off a compulsory non-suit.

On February 29, 1976, James G. Snyder, was a 9 year old boy, who was working at a Flea Market located along Route 15, Kelly Township, Union County, Pennsylvania. Adjacent to the Flea Market across a small rural road was the defendant's place of business known as Milton Auto Parts, Inc., engaged in the business of scrapping used automobiles and salvaging the parts. The business occupied approximately nine acres and is enclosed by a fence. Inside the fence were maintained several large watchdogs.

On February 29, 1976, the minor James Snyder had just completed assisting a patron of the Flea Market in loading his purchase into the trunk of his car and was returning from the parking area to the flea market when he heard something following him. When he turned, a large brown dog, being one of the dogs from the Milton enclosure, lunged at him and grabbed him by the throat. The boy was knocked to the ground resulting in physical damage to his neck, hand and armpit.

The dog was chased away by the owner of the flea market and the boy taken to the hospital where he spent three days.

The court below held that the evidence was insufficient to establish defendant's prior knowledge of the dog's vicious propensities and entered a compulsory non-suit. Timely motion was made to have the non-suit taken off and was denied by the court below. This appeal followed.

The law of Pennsylvania placed the burden of proof of prior knowledge by the owner of a domestic animal's vicious propensity upon the plaintiff. "[t]he owner of a dog is not responsible for the consequences of the dog's bite if he has no reason to know the viciousness or dangerous propensities of the dog beforehand." (Cases cited) *Freeman v. Terzya, et al.*, 229 Pa.Super. 254, 323 A.2d 186 (1974); *Clark v. Clark*, 207 Pa.Super. 193, 215 A.2d 293 (1965).

The question to be decided is whether or not the injured boy has produced any evidence from which a jury could conceivably find that the owner of the dog which attacked the minor, had prior knowledge of its dangerous propensities? We find the court erred in entering the non-suit.

"[i]n passing upon the propriety of the entry of a compulsory non suit, we accept the evidence as presented by the appellant as true; we read it in the light most favorable to him and we accord him the benefit of all reasonable inferences arising therefrom (citing cases). In any event the facts are for the jury in any case whether based upon direct or circumstantial evidence where a reasonable conclusion can be arrived at which would place liability on the defendant. (Citing cases)." *Francioni v. Gibsonia Truck Corp.*, 472 Pa. 362, 372 A.2d 736 (1977). See also, *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977).

Evidence was presented by the plaintiff as follows: A witness testified to the dog lunging at him with teeth bared while he was being restrained by a rope by an officer of the defendant and was told not to put his hand down as "he (the dog) is trained";

The minor testified that the dog lunged at his throat biting him in the throat in the manner of a trained attack dog;

Signs were placed all about the premises reading "Beware of Dogs";

The dogs, including the dog in question, were seen on occasions prior to the attack, jumping on the restraining fence and trying to get out at anyone who came around;

This dog along with other dogs had escaped from the grounds on prior occasions and had to be driven off on at least three occasions and once the owner was called to come and get his dogs;

And the dogs were locked up during the day and let out a night. An inference might be made that the owner should have realized that such confinement may well create dangerous propensities.

Discussing the test, *Proof of Facts 2nd*, in Volume 13, at Page 473, by Stephen R. Pitcher, J.D. sets forth circumstances that constitute knowledge of a dog's viciousness or dangerous propensities:

Sec. 14.   Complaints brought to owner's attention.

Sec. 15.   Fighting with other dogs.

Sec. 16.   Frequent confinement of dog.

Sec. 18.   Warning sign on owner's premises.

Sec. 19.   Statements by owner as to dog's character.

The dogs were used for the purpose of preventing trespassers and theft when the establishment was closed. They were kept under restraint so that they would not "get too friendly".

Taking all the above-discussed circumstances together as true, the finder of fact could well infer that the dogs were capable of causing harm and that the owner knew this fact.

"As to the knowledge which the owner must possess in order to charge him with liability the authorities are generally agreed that a dog is not entitled to 'one bite' and that actual notice of the viciousness or mischievous propensities of the animal are not necessary. It is sufficient if he knew or should have known that the animal was a probable cause of harm." See *Proof of Facts 2nd, supra.*

In *Pennsylvania Legal Encyclopedia*, Volume 2 Animals, Section 24 at page 113–114, it sets forth:

"A dog's vicious propensities may be brought to the owner's notice by acts of agression on the part of the dog. These acts of agression need not be precisely similar to act or acts on which the action is founded. Although a single instance of the vicious conduct on the part of the dog is sufficient to effect the owner with notice of the dog's vicious propensities, it is not the rule in this state that a dog is entitled to one 'free' bite, before it becomes a source of liability to its owner.

"Although the mere fear of a dog does not prove that the dog that excites the fear is vicious, where it is shown that on previous occasions the dog had rushed at other persons

in a vicious manner, and that his keeper had been obliged to call him off, or that the dog had chased a witness for the plaintiff and had been beaten off by stones, and was always growling at passersby, the viciousness of the dog is sufficiently established."

In the instant case, there was testimony that the dog in question, was large and would jump up on people in a "friendly" manner. In *Groner v. Hendrick*, 403 Pa. 148, 169 A.2d 302 (1961) the Supreme Court held, 463 Pa. at 303, 169 A.2d 302:

"A large, strong, and overly friendly dog may be as dangerous as a vicious one, and one recital of the dog's behaviour at home is enough to bring knowledge to his owners' when considered together with its size and their apparent knowledge that it might jump up on people".

The plaintiff presented sufficient evidence of prior knowledge on the part of the defendant as to the possible dangerous propensities of its dogs to present a question for the jury.

The order of the court below is reversed; the compulsory non-suit removed and a new trial granted.