## Sheptak v. Wagner

*Alexander H. Lindsey,* for plaintiff.
*Frank R. Fleming, III,* for defendants.

RAUSCHENBERGER, *J.,* July 29, 1982—
Plaintiffs filed a four-count complaint in trespass.
The first two counts were on behalf of Amy Beth
Sheptak, who was bitten by defendants' dog,
"Shadow". The third and fourth counts were filed
on behalf of her parents. As to each of the plaintiffs
there were two theories of liability. The second and
fourth counts were for negligence, and the court so
charged the jury. The first and third counts were for
absolute liability, and the court did not charge the
jury on this theory.

Plaintiffs' brief in support of their motion for a

new trial accurately describes the law on absolute liability for harm done by abnormally dangerous domestic animals. At issue is whether the plaintiffs produced enough evidence so that the jury could conceivably find that the owners of the dog which bit Amy Beth Sheptak had prior knowledge of its alleged dangerous propensities.

Plaintiffs' trial memorandum said that they would introduce evidence to the effect that (1) Shadow had behaved menacingly, (2) Shadow had been attack trained, (3) Shadow had been kept overnight in defendants' commercial garage, and (4) defendants had placed "beware of dog" signs on their property. The court carefully listened to all the testimony and discovered that: (1) Although Shadow barked, he was well-behaved. Young children had wrestled roughly with him, and defendants had never received a complaint. (2) Shadow had gone to obedience school but had never been attack trained—the latter was a white lie to allay fears about a prowler. (3) Shadow was sometimes kept overnight in the garage, presumably because his size and barking would scare potential trespassers, see Fink v. Miller, 330 Pa. 193, 198 A. 666 (1938), but he had never behaved menacingly. And, (4) the "beware of dog" signs had pre-existed Shadow, having been put up for Shadow's predecessor, a poodle. On the testimony, plaintiffs did not make out a case on absolute liability, and the case was submitted on the issue of negligence alone.

Compare the case of Snyder v. Milton Auto Parts, 285 Pa. Superior Ct. 559, 428 A. 2d 186 (1981). There, as here, the trial court held that the evidence was insufficient to establish the dog's vicious propensities, and there entered a compulsory non-suit. The Superior Court reversed, based on evidence of

actual attack training, actual menacing behavior, and actual incidents of prior problems. The test of prior knowledge was examined:

Discussing the test, Proof of Facts 2nd., in Volume 13, at Page 473, by Stephen R. Pitcher, J.D. sets forth circumstances that constitute knowledge of a dog's viciousness or dangerous propensities:

Sec. 14. Complaints brought to the owner's attention.

Sec. 15. Fighting with other dogs.

Sec. 16. Frequent confinement of dog.

Sec. 18. Warning signs on owner's premises.

Sec. 19. Statements by owner as to dog's character.

The dogs were used for the purpose of preventing trespassers and theft when the establishment was closed. They were kept under restraint so that they would not "get too friendly".

Taking all the above-discussed circumstances together *as true,* the finder of fact could well infer that the dogs were capable of causing harm and that the owner knew this fact: 285 Pa. Superior Ct. at 562, 428 A. 2d at 188. (Emphasis supplied.)

Here, there had not been a single complaint, there had been no dog fights, confinement of the dog was infrequent (this was a family dog living at home), the warning signs were for a different dog, and the overwhelming testimony was that the dog was friendly and good natured.

Immediately after the charge to the jury, both sides objected to submitting the case based solely on negligence. The court notes that nowhere in the Snyder case do the words "negligence" or "absolute liability" appear.

Accordingly, a portion of the charge was based on Snyder:

On the issue of the defendants' negligence, you must find whether the defendants, the Wagners, *under all the circumstances of the case, knew or should have known that the animal was a probable cause of harm.* If you do not so find, then you must find in favor of the defendants. If you find that the defendants *knew or should have known that the animal was a probable cause of harm, then you must find in favor of the plaintiffs.* The burden of proof on this issue, of course, is on the plaintiff. As to the knowledge which the owner must possess in order to charge him with liability in this Commonwealth a dog is not entitled to one bite. *It is sufficient if the owner knew or should have known that the animal was a probable cause of harm.* (Emphasis added.)

So, assuming arguendo that the absolute liability theory should have been charged to the jury, defendants' observations presented in their brief in opposition to a new trial are well-taken. "Thus, although the trial court framed the issue of defendants' liability by using the word 'negligence', it ineffect charged the jury as sought by plaintiffs in their points for charge and exception following the charge. At most, the trial court's use of the word 'negligence' instead of 'liability' was harmless error. In fact the trial court's use of the word 'negligence' probably avoided confusing the jury with terms and concepts of strict liability or absolute liability now urged by plaintiffs. The instructions were clear and precise on the ultimate question to be decided."

## ORDER

And now, July 29, 1982, this court having been served with notice of an appeal to the Superior

Court, it is ordered that the Court Reporters Rebecca Courtney transcribe the notes of testimony taken at the April 2, 1982 hearing before Judge Brydon and Virginia Pease transcribe the notes of testimony taken at the trial of May 19, 1982 before Judge Rauschenberger per Appellate Rule 2771, and the reporters are directed to file a copy of their bill with the prothonotary of this court.