## Luberto v. Ellis

C.P. of Monroe County, no. 6979 Civil 1997.

*Peter Hileman,* for plaintiff.
*Joanne Kelhart,* for defendants Larson.
*Richard G. Fine,* for defendant Creature Comforts.

CHESLOCK, *J.,* May 8, 2000—Plaintiffs commenced this action by filing a writ of summons on September 10, 1997. A default judgment was entered against original defendant, Edith Ellis, on April 21, 1998. On April 24, 1998, defendants, Corinne and Edward Larson, filed an answer with new matter and a joinder complaint against defendant Ellis. Plaintiffs replied to the Larsons' new matter on May 1, 1998. On May 22, 1998, the Larsons filed a new matter joinder, joining the plaintiffs as additional defendants. The plaintiffs filed a reply to said joinder on June 1, 1998. On January 19, 1999, the Larsons petitioned this court for permission to join Creature Comforts Veterinary Service as an additional defendant. Permission was granted by an order dated January 20, 1999. On February 1, 1999, the Larsons filed a joinder complaint against the veterinarian. The veterinarian filed an answer with new matter to said complaint on March 23, 1999. Plaintiffs and the Larsons filed an answer to said new matter on April 9, 1999 and March 31, 1999, respectively. The veterinarian filed a motion for summary judgment and a brief in support thereof on March 27, 2000 and April 17, 2000, respectively. On March 28, 2000, the Larsons filed a response and a contra brief to said motion. Oral argument was heard before

this court on May 1, 2000. We are now ready to dispose of the veterinarian's summary judgment motion.

When ruling on such a motion the court may consider pleadings, depositions, answers to interrogatories, admissions, and supporting affidavits. Pa.R.C.P. 1035.1. The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *First Wisconsin Trust Co. v. Strausser,* 439 Pa. Super. 192, 653 A.2d 688 (1995). This court will view the record in the light most favorable to the non-moving party and all doubts concerning the existence of a genuine issue of fact must be resolved in that party's favor. *Dublin by Dublin v. Shuster,* 410 Pa. Super. 1, 598 A.2d 1296 (1991). Summary judgment is only properly granted in cases where the right to judgment is clear and free from doubt. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991).

After carefully reviewing the pleadings, the depositions of Corinne Larson, Edward Larson, and Barbara Luberto, and the admissions of the Larsons, we conclude that a prima facie case of negligence has not been established against the veterinarian. Therefore, the veterinarian is entitled to summary judgment.

Initially, we shall set forth the facts giving rise to this lawsuit. On July 19, 1997, original defendant, Edith Ellis, owned a dog named "Dallas." Ellis was a tenant in a building owned and maintained by the Larsons. On said date, Dallas ran away from the property and the original defendants were unable to find him. Dallas came into plaintiffs' front yard appearing "playful." Before taking Dallas into their home, Mrs. Larson called the veterinarian, whose telephone number was listed on Dallas' collar. According to the plaintiffs, an unknown individual

at the veterinarian's office stated that Dallas' disposition was fine and friendly. In addition, this unidentified person asked if plaintiffs could keep Dallas in their garage until Dallas' owners could be contacted.[1] As Nicole Luberto, then 7 years of age, was giving water to Dallas, who was located in plaintiffs' garage, Dallas bit Nicole in the face causing injury.

To establish a cause of action in negligence, the plaintiff must demonstrate that defendant owed a duty of care to the plaintiff, defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage. *Martin v. Evans,* 551 Pa. 496, 502, 711 A.2d 458, 461 (1998). Here, the crucial issue is whether the veterinarian owed a duty to the plaintiffs. Plaintiffs contend that the veterinarian owed a general duty to prevent harm from coming to Nicole. On the other hand, veterinarian contends that no duty existed

---

1. Specifically, Mrs. Luberto testified to the alleged conversation at her deposition as follows:

"Q: You brought him in your house?

"A: Yeah. Well, no, first my husband had him on the deck and there was tags on the dog, Monroe County tag and Creature Comforts in Saylorsburg veterinarian tag on him; so he was still—so when the dog was still outside I had called the vet's office. First I called the Monroe County dog warden. They were closed, so I left a message on the machine that I found the dog and gave the tag numbers. Then I call the veterinarian's office, and I said, 'Is this dog okay because we found him? Do you know who the owners are?'

"And they said, 'No, the dog's fine. It's a really good dog.' They says, 'Can you hold the dog until the owners—until we can contact the owners would you keep him there.' " See dep. of Barbara Luberto, pp. 12-13.)

"A: No; because the vet's office said the dog was fine with kids. I called. I spoke to the girl at the vet for, like, ten minutes on the phone. She said, 'The dog is a great dog.' " *Id.* at 31.

and thus, it cannot be held liable. See *Zanine v. Gallagher,* 345 Pa. Super. 119, 497 A.2d 1332 (1995) (holding where no duty of care is imposed upon defendant, he cannot be guilty of negligence).

Duty, in any given situation, is predicated upon the relationship existing between the parties at the relevant time. *Alumni Association v. Sullivan,* 369 Pa. Super. 596, 601, 535 A.2d 1095, 1098 (1987); see also, *Burman v. Golay and Co. Inc.,* 420 Pa. Super. 209, 214, 616 A.2d 657, 659 (1992). "Where the parties are strangers to each other, such a relationship may be inferred from the general duty imposed on all persons not to place others at risk of harm through their actions." *Id.* In addition, the existence of a duty requires some degree of knowledge. *Morena v. South Hills Health System,* 501 Pa. 634, 642, 462 A.2d 680, 684 (1983).

Under Pennsylvania law, landlords, dog owners, and dog keepers have a duty to ensure that their dogs do not cause injury to others. See *Deardorff v. Burger,* 414 Pa. Super. 45, 606 A.2d 489 (1992). The common element among the above mentioned groups is control over the physical presence of the dog. If such control is lacking, one might not be held liable. See *Palermo v. Nails,* 334 Pa. Super. 544, 483 A.2d 871 (1984) (holding landlord out of possession is not liable for attacks by animals kept by tenant if tenant has exclusive control of premises; but landlord may be liable if he has knowledge of dangerous animal's presence and right to control or remove animal by retaking possession of premises); *Charowsky v. McGovern,* 68 Sch.L.R. 166 (1972) (holding former owner of dog has no duty subsequent to transfer of dog to a new owner despite knowledge of dog's vicious tendencies).

Here, we cannot in good conscience impose a duty to the plaintiffs upon the veterinarian. The veterinarian had neither custody nor control over Dallas at the time he bit Nicole. In fact, the veterinarian's last contact with Dallas was in February of 1997, five months prior to the dog bite incident. Furthermore, no relationship ever existed between the plaintiffs and the veterinarian. Plaintiffs never sought services from the veterinarian and the veterinarian never performed any service for the plaintiffs.[2]

Furthermore, liability for a dog's vicious acts cannot be predicated upon ownership alone, but must also be based upon an owner's knowledge of his dog's vicious propensities and his failure to take proper steps to prevent that viciousness from causing injury to others. *Andrews v. Smith,* 324 Pa. 455, 459-60, 188 A.2d 146, 148 (1936); see also, *Deardorff v. Burger,* 414 Pa. Super. 45, 50, 606 A.2d 489, 492 (1992). This principal exists due to the unfairness of holding the owners of normally harmless domestic animals responsible for the vicious acts of said animals unless they were put on notice of the animal's vicious propensities. *Id.* Furthermore, the burden is on the plaintiff to prove the owner's prior knowledge of a domestic animal's vicious propensity. *Snyder v. Milton Auto Parts Inc.,* 285 Pa. Super. 559, 428 A.2d 186, 197 (1981).

Here, plaintiffs have offered no evidence indicating that the veterinarian was aware of Dallas' vicious nature or previous attacks. The Larsons admit that the veteri-

---

2. Dallas' previous owners had taken him for treatment at the veterinarian. Dallas' subsequent owners had him treated by other veterinary clinics.

narian's office chart of Dallas makes no mention of any violent tendencies or propensities. (See Larsons' ans. to mot. for summ. J. ¶41). Furthermore, the Larsons admit that no mention is made of any bites or prior problems with Dallas. *Id.*

If it is unfair to hold an owner of a domestic animal responsible for the animal's vicious acts when he or she has no prior notice of the dog's vicious propensities, we would be performing an inherent injustice by placing such a responsibility upon a veterinarian. Logic dictates that because an owner spends more time with his pet, he becomes more attuned to the pet's personality, tolerance level, and temperament than a veterinarian would. Here, the Larsons are asking this court to conclude that the veterinarian, who, according to the evidence was neither treating Dallas nor aware of his dangerous propensities, owed a duty to the plaintiffs. We cannot reach such a conclusion.[3]

Accordingly, we enter the following order:

## ORDER

And now, May 8, 2000, additional defendants Creature Comforts Veterinary Service and Karin-Susan Breitlauch DVM's motion for summary judgment is hereby granted.

---

3. We cannot ignore the effect of imposing a duty to the victim of an animal attack upon a veterinarian, who was not treating the animal at issue, had never performed services for either the owner or the victim, and who was unaware of the animal's dangerous propensities. Under such circumstances, a veterinarian's potential liability for negligence would be immense.