## Fenlon v. James

*Angel Mae T. Webby,* for plaintiff.
*Thomas P. Clark,* for defendants.

MILLER, *J.,* September 19, 2008—We have before us a motion for summary judgment filed by Mary Kay James, the defendant.

The complaint alleges that the defendant lived on Cherry Hill Lane in Brodheadsville, Monroe County,

Pennsylvania with her children, three dogs and three cats. She placed her house for sale and listed it with Re/Max Real Estate. On June 1, 2005, plaintiff, a real estate agent, was scheduled to show the defendant's house. He mistakenly parked at a house across the street that had a for sale sign, believing that house to be the plaintiff's property. Upon realizing his mistake, he walked across the road and up defendant's driveway. He alleges that he knocked on a window to tell defendant of his arrival and then saw two dogs come out of the front door of the house towards him. He claims that he started running away, tripped and fell, tearing his Brooks Brothers shirt, and broke his arm.

Defendant admits she knew of the appointment, saw plaintiff pull into the opposite driveway but paid no more attention to him. She testified in her deposition that she didn't see him at the window but the next thing she knew was her 5-year-old son had gone to the front door, opened it and two of her three dogs had run out She caught the third one before it got out, called to the others who came back in the house, and had no knowledge of the incident until the police arrived at her door.

The defendant filed this motion for summary judgment on August 15, 2008 arguing that plaintiff's claim of negligence is not legally supported, that the plaintiff has also failed to establish a claim for defendant's violation of section 3 P.S. 459-101 of the Dog Law and that the plaintiff is unable to demonstrate that punitive damages are warranted in this matter. We heard oral arguments on September 8, 2008 and have reviewed the briefs of the parties and the extensive deposition testimony provided by both parties.

## DISCUSSION

Pursuant to Pa.R.C.P. 1035.2, summary judgment is appropriate:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

The inquiry in deciding a motion for summary judgment "is whether the admissible evidence in the record, in whatever form, from whatever source, considered in the light most favorable to the respondent to the motion, fails to establish a prima facie case or defense." See *Liles v. Balmer,* 389 Pa. Super. 451, 454, 567 A.2d 691, 692 (1989). A party opposing a motion for summary judgment, in order to make an evidentiary showing sufficient to advance the party to trial, must show that it has a plausible ground for maintaining the cause of action. *Community Medical Services v. Local 2665,* 292 Pa. Super. 238, 437 A.2d 23 (1981). While the non-movant is not required to present its entire case in opposing a motion for summary judgment, it must present sufficient evidence to demonstrate that the moving party is not entitled to judgment as a matter of law. *Brecher v. Cutler,* 396 Pa. Super. 211, 578 A.2d 481 (1990).

Defendant asks that summary judgment should be granted as to Count I of plaintiff's complaint alleging negligence on the basis that plaintiff has failed to demonstrate that defendant knew, or should have known, that her dogs had vicious propensities.

The law is clear that the owner of a dog is not responsible for the consequences of his dog's actions if he has no reason to know of the viciousness or dangerous propensities of the dog beforehand. *Snyder v. Milton Auto Parts Inc.*, 285 Pa. Super. 559, 428 A.2d 186 (1981). A reasonable jury need only be able to arrive at reasonable inferences that the animal was likely to commit the act of the kind complained of. *Andrews v. Smith*, 324 Pa. 455, 188 A. 146 (1936).

In the instant matter, the plaintiff has presented evidence, if proven, that could establish that defendant knew or should have known about her dogs' likely behaviors. The defendant admits in her deposition that the dogs were very protective of the house and were notorious for barking at people. The record also reflects that the defendant was aware of incidents in the past which involved her dogs' behaviors in the neighborhood.

Taking all of the above circumstances together as true, an issue of fact exists to whether the defendant knew or had reason to know about her dogs' tendencies. As such, defendant's motion for summary judgment on Count I of plaintiff's complaint is denied.

Defendant argues that Count II of plaintiff's second amended complaint alleging negligence based on a statutory violation of section 459-502-A of the Dog Law is not supported by the record. In opposition, plaintiff

cites *Rosen v. Tate,* 64 D.&C.4th 524 (2003), as authority to demonstrate that the elements of the offense are supported. According to *Rosen,* the Dog Law is an appropriate "standard for determining whether a person has complied with the common-law duty to exercise ordinary care" and violation constitutes negligence per se. *Id.* at 530. As per *Rosen,* in order to fulfill the requirements of the Dog Law, "[the plaintiff] must establish that the dog has either (or both) of the following: [1] a history of attacking human beings . . . without provocation or [2] a propensity to attack human beings . . . without provocation." *Id.* at 531.

As previously mentioned, the plaintiff has presented some facts which, if believed, a jury could find that the defendant knew or should have known of problems concerning her dogs. Provocation is a defense to a violation of the Dog Law. In the instant case, the deposition of defendant is that he knocked on the window. A jury could find that this noise provoked the protective instincts of the dogs.

As such, an issue of fact exists that precludes the grant of summary judgment on this count. Consequently, the defendant's summary judgment claim on Count II of the complaint must also be denied.

Defendant also argues that based on the evidence presented, plaintiff's final claim for punitive damages is not warranted. The plaintiff's complaint alleges that defendant's knowledge of previous incidents with her dogs, her failure to restrain them and her actions not to come to the aid of the plaintiff after he was harmed, are sufficient to support a claim for punitive damages.

Punitive damages may be awarded for conduct that is outrageous. *Feld v. Merriam,* 506 Pa. 383, 395, 485 A.2d 742, 747-48 (1984). Where there exists no indication of evil motive, then a plaintiff must establish that a defendant acted with reckless indifference to the rights of others. *Burke v. Maassen,* 904 F.2d 178, 181 (3d Cir. 1990). Punitive damages can be found where the evidence shows the defendant knows, or has reason to know, of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act in conscious disregard of that risk. *Id.* at 181; *Martin v. Johns-Manville Corporation,* 508 Pa. 154, 494 A.2d 1088 (1985).

The defendant argues that under *Feld v. Merriam,* the facts presented by the record do not support allegations of reckless and indifferent conduct on the part of the defendant. In *Feld,* the court found that although the defendant failed to reasonably perform a duty, this was insufficient evidence to support the necessary state of mind requirement to impose punitive damages. *Feld v. Merriam,* 506 Pa. 383, 396, 485 A.2d 742, 748 (1984). The court based its decision on the fact that the danger involved in the case was not an easily perceptible one. *Id.*

Similar to *Feld,* although a question exists as to whether defendant failed to act reasonably under the circumstances, the facts presented in this case do not establish the state of mind required to sustain a claim for punitive damages. As demonstrated in defendant's testimony, she attempted to hold down one of her dogs to keep him from exiting the house. The defendant also called the dogs back into the house and was not aware

of the incident until some time later when the police arrived.

Based on the record, we do not find the defendant's conduct outrageous or deliberate. As such, defendant's motion for summary judgment opposing plaintiff's claim for punitive damages is granted.

Accordingly, we enter the following order.

## ORDER

And now, September 19, 2008, defendant Mary Kay James' motion for summary judgment is denied as to Count I and Count II and granted as to Count IV.