550 A.2d 793

Betty VILLAUME and Fred Villaume

v.

Edward KAUFMAN and Jane Kaufman, Appellants.

Superior Court of Pennsylvania.

Argued Sept. 13, 1988.

Filed Nov. 21, 1988.

Joanne Kelhart, Bethlehem, for appellants.

Wieslaw T. Niemoczynski, Stroudsburg, for appellees.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge:

This is an appeal from an order granting appellees Betty Villaume and Fred Villaume's motion for a judgment notwithstanding the verdict (judgment n.o.v.) and granting a new trial on damages. We reverse and reinstate the jury verdict.

A doberman pinscher owned by appellants Edward and Jane Kaufman entered the Villaumes' property and attacked the Villaumes' shetland sheepdog. The doberman, which had been kept chained to a revolving pole, was wearing his collar and was dragging his unbroken chain. Betty Villaume grabbed the doberman by the collar and attempted to pull him away from her dog. The fight and Betty Villaume's intermittent efforts to halt it continued for about fifteen minutes, at which point Jane Kaufman entered the fray and squirted the dogs with water from the lawn sprinkler. The fight stopped immediately. Betty Villaume sustained a dog bite on her left thigh and a broken finger on her right hand.

The Villaumes sued the Kaufmans, alleging that they were negligent in allowing the doberman to run free in violation of the Dog Law, 3 P.S. § 459–305.[1] They claimed that this negligence caused physical and mental injury to Betty Villaume and derivative injury to her husband. The case was tried before a jury. Following the close of evidence, the trial court denied the Villaumes' oral motion for a directed verdict on the issue of liability. The jury returned a verdict in favor of the defendant Kaufmans.

Following the verdict, the Villaumes filed post-trial motions for judgment n.o.v. and for a new trial. By order of

1. 3 P.S. § 459–305. Confinement of dogs
   It shall be unlawful for the owner or keeper of any dog to fail to keep at all times such dog either:
   (1) ....
   (2) firmly secured by means of a collar and chain or other devise so that it cannot stray beyond the premises on which it is secured; ...
   Act of Dec. 7, 1982, P.L. 784, No. 225, art. III, § 305, effective Jan. 1, 1983.

January 20, 1988, the Honorable Ronald E. Vican granted the motion. The trial court's opinion of the same date stated that the doberman's presence outside the Kaufman premises constituted negligence *per se* under *Miller v. Hurst*, 302 Pa.Super. 235, 448 A.2d 614 (1982) because it was a clear violation of the Dog Law. Therefore, the court wrote, violation of the Dog Law was the proximate cause of the Villaumes' injuries, and further, the Villaumes could not be held contributorily negligent for the manner in which they reacted to an emergency situation. Because the jury had returned a verdict in favor of the Kaufmans, thus making no assessment of damages, the court granted a new trial on the issue of damages alone. The Kaufmans' motion for reconsideration was filed and denied. This appeal followed.

In articulating a proper standard of review for this case, we recognize that the granting of a new trial for assessment of damages was an incident of the granting of the motion for a judgment n.o.v. in favor of the Villaumes. In this case, the trial court found the authority to override the jury verdict and to substitute its own findings on the basis of its reading of *Miller v. Hurst, supra.* Generally speaking, the standard of review of a trial court's grant of a motion for a new trial is whether the trial court palpably and clearly abused its discretion or committed an error of law which controlled the outcome of the case. *Stevenson v. General Motors Corp.*, 513 Pa. 411, 521 A.2d 413 (1987). However, when the trial court gives a single reason for its grant of a new trial, its discretion is not at issue, but rather the validity of its legal justification is subject to review. *Westinghouse Elevator Co. v. Herron*, 514 Pa. 252, 523 A.2d 723 (1987). *See Boscia v. Massaro*, 365 Pa.Super. 271, 529 A.2d 504 (1987).

Because the trial court based its decision upon a single legal rationale, its reading of *Miller v. Hurst*, we may review the validity of this legal justification. The trial court misread and misapplied *Miller v. Hurst, supra.* In *Miller*, this Court adopted the statutory requirements of

the Dog Law, *supra,* as the standard to be applied in determining whether a dog owner has exercised due care in the supervision of his dog; the Court held that an unexcused violation of the Dog Law is negligence *per se.* The *Miller* Court thus abrogated the common law "one free bite" rule, under which an animal was required to be restrained only after its behavior evidenced viciousness. *See Freeman v. Terzya,* 229 Pa.Super. 254, 323 A.2d 186 (1974). While not specifying what nature of excuse would escape *per se* treatment, the *Miller* court added in a footnote that a dog owner may always show that the dog escaped despite the exercise of due care and that in such cases negligence would not be found. The Court explicitly rejected imposing absolute liability upon the dog owner:

We find it improvident and unnecessary to effect such a monumental change without legislative action.

*Miller,* 302 Pa.Super. at 244, 448 A.2d at 618–619.

Thus, the trial court erred in reading *Miller* to impose absolute liability upon dog owners whose dog is unrestrained despite their exercise of due care. In the present case, the trial court acknowledged in its findings of fact that "it is unknown how [the doberman's] chain became detached from the pole to which it had been attached, but his chain was not broken." Opinion, 1/22/88. That the doberman had a collar and chain could be seen as evidence establishing that the Kaufmans *did* exercise due care. It is entirely possible that the jury, which ultimately found for the Kaufmans, believed that the doberman become free despite the exercise of due care by the Kaufmans. In *Miller,* on the other hand, the evidence established that the dog owner always intentionally permitted his dog to run without restraint. No such evidence was before the jury in the present case.

Further, the trial court interpreted *Miller* to mean that the mere *per se* violation of the statute establishes the necessary causation for a finding of liability. *Miller* explicitly holds otherwise:

Where proof of negligence rests upon a violation of the Dog Law, liability does not attach unless the violation is a

substantial factor in bringing about the injuries sustained.... [This issue] ... will normally be for the trier of the facts.

*Miller v. Hurst*, 302 Pa.Super. at 245, 448 A.2d at 619. The trial court erred in applying its reading of *Miller* to override the jury's verdict of no liability on the Kaufmans' part. Even if the jury thought that the Kaufmans were negligent in letting the dog run loose, the record in this case could well support a finding that their negligence did not cause the Villaumes' harm. The jury heard five days of testimony. Betty Villaume testified extensively about the dog fight, her fifteen minute attempt to halt it and Jane Kaufman's successful intervention. Nothing in the record indicates that the Villaume's shetland sheepdog was restrained. The jury was presented with no evidence of the dog bite. The jury could have believed, on several grounds, that the Kaufmans omission in letting their dog roam was not a substantial factor in causing the harm at issue.

At close of trial, the trial court instructed the jury that the defendants would be liable to the plaintiffs if they found, in addition to a violation of the statute, 1) that the statute was intended to protect the plaintiff as an individual; 2) that the type of harm sustained was the type against which the legislature intended to prevent; 3) that the type of hazard or danger which caused the harm was a danger which the legislature intended to prevent, and 4) that the violation was the legal cause of the injury. The trial court properly instructed the jury that if it found that the statute had been violated, the Kaufmans' negligence was established. The jury obviously found that the statute was not violated and that the Kaufman's dog had somehow gained its freedom by means other than a violation of the statute by the Kaufmans. This finding is amply supported by the evidence in the record and thus supports the jury's verdict. As this Court wrote in *Miller v. Hurst, supra,* only an unexcused violation of the Dog Law is negligence *per se.*

Because the trial court should not have found the Kaufmans negligent *per se* and absolutely liable, we need not address whether the grant of the judgment n.o.v. was

proper. Nonetheless, a thorough review of the record reveals that the trial court should not have granted the motion. In reviewing the grant of a judgment n.o.v., this court must consider the evidence and all reasonable inferences drawn from it in the light most favorable to the verdict winner. *Northwest Savings Association v. Distler*, 354 Pa.Super. 187, 511 A.2d 824 (1986). The grant of a judgment n.o.v. is proper only where the facts are such that no two reasonable persons could fail to agree that the jury verdict was improper. *Id.* Our foregoing discussion demonstrates that the jury verdict was eminently reasonable under the evidence presented at trial. Therefore, the grant of the judgment n.o.v. was improper.

The Kaufmans also argue that the court erred in declining to charge the jury on contributory negligence. Contributory negligence has not been a bar to the plaintiff's recovery in this Commonwealth since the adoption of Comparative Negligence in 1976. *See* 42 Pa.C.S. § 7102. Our disposition of the case renders it unnecessary to further address this issue.

For the foregoing reasons, we reverse the trial court order granting the Villaumes' motion for a judgment n.o.v. and for a new trial on the issue of damages.

ORDER REVERSED. Judgment for the Kaufmans reinstated.