**Allen v. Tanchuk**

C.P. of Lawrence County, no. 11005 of 2007.

*Charles P. Sapienza,* for plaintiffs.
*Bret J. Southard* and *Rebecca Penn,* for defendant.

COX, *J.,* November 10, 2009—Before the court for disposition is the motion for summary judgment filed on behalf of the defendant Geraldine Tanchuk, which argues that the defendant was not negligent as the dog was under the control of the plaintiff[1] at all times during the incident and the defendant cannot be held liable for her child grabbing the dog's tail. Additionally, the defendant claims that the plaintiff's claims are barred by the "veterinarian's rule".

On September 14, 2005, the defendant, her son, Thomas Eichler, her daughter, Shanalyn Hartzell, and Ms. Hartzell's boyfriend, Frank Hammet, brought the defendant's dog, a 70-pound Bullmastiff and Dalmatian mix named Nikita, to Alpine Trail Veterinary Clinic lo-

---

1. For the purpose of this motion, the term plaintiff refers to Laurie Allen.

cated at 4374 Harlansburg Road, Slippery Rock, Lawrence County, Pennsylvania. Nikita needed a rabies booster shot and the defendant wanted the dog to undergo a physical examination as he refused to eat as a result of what appeared to be depression suffered after the death of the defendant's husband. The plaintiff was a veterinary technician, who was employed at Alpine Trail Veterinary Clinic. She brought Nikita into the examination room with the defendant, Mr. Eichler and Mr. Hammet present. While waiting for the veterinarian to arrive, the plaintiff petted Nikita and noticed that the dog made a low growl when she approached his hindquarters. In her deposition, the defendant explained that the dog did not like to be touched on the hindquarters and became aggressive "when he would see black people or someone in uniform."

When Dr. Mark Pullman, the veterinarian, arrived, the plaintiff held the dog as Dr. Pullman conducted the examination. As the examination progressed, Nikita's tail began wagging and started striking Dr. Pullman in the groin area causing him discomfort. Mr. Eichler decided to assist the examination by holding the dog's tail. The plaintiff and the defendant instructed Mr. Eichler to release Nikita's tail and the dog immediately became enraged. The dog struck the plaintiff in the head several times with its mouth and teeth. The plaintiff's grip was broken when the dog pushed on her chest. Nikita jumped off the examination table and bit the plaintiff on the leg.

The plaintiff filed a complaint on July 11, 2007, and the defendant filed an answer to the same on February

25, 2008. The parties conducted discovery and the defendant has now filed this motion for summary judgment contending that the defendant was not negligent as the plaintiff was in control of the dog at the time of the incident and the defendant is not liable for the negligent conduct of her son. Furthermore, the defendant argues that the plaintiff's claims are barred by the "veterinarian's rule".

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after the relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000). The mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for a trial. The summary judgment rule exists to dispense with a trial of a case or, in some matters, issues in a case, where a party lacks the beginnings of evidence to establish or contest a material issue. *Ertel v. Patriot-News Company,* 544 Pa. 93, 674 A.2d 1038 (1996), *reargument denied, certiorari denied* 519 U.S. 1008 (1996).

Any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report or if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of

action or defense, which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. 1035.2.

However, summary judgment is only appropriate when discovery relevant to the motion has been completed. *Id.* Summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law. *Kafando v. Erie Ceramic Arts Co.,* 764 A.2d 59, 61 (Pa. Super. 2000) (citing *Rush v. Philadelphia Newspapers Inc.,* 732 A.2d 648, 650-51 (Pa. Super. 1999)).

The moving party bears the burden of proving the nonexistence of any genuine issue of material fact. *Kafando, supra.* A material fact, for summary judgment purposes, is one that directly affects the outcome of the case. *Gerrow v. Shincor Silicones Inc.,* 756 A.2d 697 (Pa. Super. 2000); *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000). The non-moving party must adduce sufficient evidence on issues essential to his case on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ertel, supra.* The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. *DeSantis v. Frick Company,* 745 A.2d 624 (Pa. Super. 1999); *Merriweather v. Philadelphia Newspapers Inc.,* 453 Pa. Super. 464, 471, 684 A.2d 137, 140 (1996).

When determining whether to grant a motion for summary judgment, the court must view the record in the

light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hughes v. Seven Springs Farm Inc.*, 563 Pa. 501, 762 A.2d 339 (2000); *Dean v. PennDOT,* 561 Pa. 503, 751 A.2d 1130 (2000). Summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pennsylvania State Ethics Commission,* 555 Pa. 149, 153, 723 A.2d 174, 175 (1999); *Basile v. H&R Block Inc.* 761 A.2d 1115 (Pa. Super. 2000); *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000); *Stevens Painton Corporation v. First State Insurance Company,* 746 A.2d 649 (Pa. Super. 2000).

Only when the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment. *Basile, supra.* If there are no genuine issues of material fact in dispute or if the non-moving party has failed to state a prima facie case, summary judgment may be granted. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992). Thus, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense. *Rauch v. Mike-Mayer,* 783 A.2d 815 (Pa. Super. 2001). The trial court must confine its inquiry when confronted with a motion for summary judgment to questions of whether material

factual disputes exist. *Township of Bensalem v. Moore,* 152 Pa. Commw. 540, 620 A.2d 76 (1993). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990).

First, defendant argues that she cannot be held liable for the plaintiff's injuries as she was not in control of the dog at the time of the incident. Additionally, plaintiff contends that she should not be held liable for the negligent act of her son.

Pennsylvania law does not impose absolute liability upon dog owners from torts caused by their dogs. *McCloud v. McLaughlin,* 837 A.2d 541, 544 (Pa. Super. 2003) (citing *Deardorff v. Burger,* 414 Pa. Super. 45, 52, 606 A.2d 489, 493 (1992)). This means that a person who is injured by a dog must prove that the dog owner acted negligently. *Id.* The Pennsylvania courts have abolished the "one free bite" rule, which required that an owner restrain his or her dog only after its behavior evidenced viciousness. *Villaume v. Kaufman,* 379 Pa. Super. 561, 564-65, 550 A.2d 793, 795 (1988) (citing *Freeman v. Terzya,* 229 Pa. Super. 254, 323 A.2d 186 (1974)). A plaintiff cannot recover for injuries sustained in an incident involving a dog bite by merely establishing that the dog had a propensity for viciousness and the owner was aware of the same, the plaintiff must demonstrate that the owner failed to take proper precautions to preclude the dog from acting in a vicious manner. *Deardorff,* 414 Pa. Super. at 50, 606 A.2d at 492 (*Darby v. Clare F. and*

*R. Co.,* 111 Pa. Super. 537, 170 A. 387 (1934)). Several factual instances set forth circumstances that constitute knowledge of the dog's viciousness or dangerous propensities, which include but are not limited to: (1) complaints brought to the owner's attention; (2) fighting with other dogs; (3) frequent confinement of the dog; (4) warning signs on the owner's premises; and (5) statements by the owner as to the dog's character. *Sheptak v. Wagner,* 23 D.&C.3d 46, 48 (1982) (citing Proof of Facts 2d, vol. 13, p. 473).

In the case sub judice, the plaintiff has produced evidence that establishes an issue of material fact as to whether Nikita had a propensity for viciousness. First, the defendant stated that Nikita did not like his tail or back legs touched, even though she did not know the reason for the dog's sensitivity to that area. Additionally, the defendant explained that Nikita exhibited aggressive tendencies "when he would see black people or someone in uniform." Moreover, Nikita was acting strangely after the defendant's husband died, which included not eating, nor was he rambunctious or happy. The defendant could not recall whether she informed the technicians at the veterinary clinic why Nikita was brought in for an examination. Mr. Hammet indicated to the staff that he felt the dog should be muzzled as Nikita was not used to being around new people. Apparently, the defendant had several indications that Nikita had violent tendencies and may need to be restrained or muzzled for his examination, but failed to reiterate this to the technicians at the veterinary clinic. The defendant also failed to inform the technicians that Nikita acted aggressively towards people

in uniform, which the technicians and veterinarians were most likely wearing when the dog bite occurred. Furthermore, it would be reasonable for a jury to find that the defendant should have stopped her son from grabbing the dog's tail or approaching the examination table, which she failed to do. Therefore, the plaintiff, as the non-moving party, has presented sufficient evidence that a genuine issue of material fact exists to permit this case to proceed to trial.

Defendant also contends that the plaintiff's action is barred by the "veterinarian's rule", which precludes claims by veterinarians or veterinary technicians who are bitten by animals in the course of their employment as they were aware of the risks involved with examining the animals. After extensive research, the court could not discover any Pennsylvania case law adopting the veterinarian's rule. It must be noted that the defendant cited to case law from other jurisdictions, which are not binding on this court's decision.

However, Pennsylvania case law clearly adopts the defense of assumption of the risk for dog bite cases. *Groner v. Hedrick,* 403 Pa. 148, 153, 169 A.2d 302, 304 (1961). The plaintiff in *Groner* was employed as the housekeeper for the defendants. When the plaintiff entered the defendants' residence she was knocked over by the defendants' 107-pound Great Dane, causing the plaintiff to break her arm and leg. There was evidence that the plaintiff was aware that the dog routinely jumped on people and she held onto things to steady herself, so that she would not fall when approached by the dog. The

*Groner* court reasoned that there are many variables when encountering animals and the surrounding circumstances. *Id.* Therefore, "it was for the jury to say whether plaintiff, under the economic pressure of the job, had knowledge of the facts and understanding of the risks, when the facts and the risks were dependent upon [the dog's] mood and hence whether she can be held to have assumed them." *Id.*

It is apparent that the Pennsylvania courts have not applied a per se rule prohibiting veterinarians or veterinary technicians from asserting claims arising from injuries sustained as a result of dog bites during the course of their employment. Instead, the courts have established that the defense of assumption of the risk applies to dog bite cases. In accordance with the decision in *Groner*, this case is not precluded by the doctrine of assumption of the risk because there has been evidence presented that the plaintiff was not fully aware of the extent of Nikita's temperament at the time of the examination. Thus, it is the role of the jury to decide whether the plaintiff assumed the risk in the current matter.

For the reasons set forth in this opinion, the defendant's motion for summary jugment is denied.

## ORDER

Now November 10, 2009, this case being before the court on October 26, 2009, for oral argument on the motion for summary judgment filed by the defendant, with both parties appearing through counsel, the plaintiffs, Laurie Allen and Michael Allen, her husband, repre-

sented through counsel, Charles P. Sapienza, Esquire and the defendant, Geraldine Tanchuk, represented through counsel, Rebecca Penn, Esquire and after consideration of the arguments and briefs presented and submitted by counsel, and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

(1) In accordance with the attached opinion, the motion for summary judgment filed by the defendant is hereby denied.

(2) The prothonotary is directed to serve a copy of this order of court upon counsel of record, Charles P. Sapienza, Esquire and Rebecca Penn, Esquire.