**Mangino v. Cowher**

C.P. of Lawrence County, no. 11194 of 2008, C.A.

*Carl M. Moses,* for plaintiffs.
*LeeAnn A. Fulena,* for defendants.

PICCIONE, *J.,* June 11, 2010—Before this court for disposition is defendants' motion for summary judgment. The current action arises out of a bicycle accident that

occurred on May 17, 2007 at approximately 6:30 p.m. Plaintiff Robert F. Mangino Jr. alleges that he was riding his bicycle near property owned by defendants Katherine and Earl Cowher when a dog owned by defendants began charging from defendants property toward Mr. Mangino. In an effort to avoid the dog, Mr. Mangino pedaled faster and subsequently fell from the bicycle onto the pavement, resulting in severe injuries to Mr. Mangino.

As a result of the head trauma caused by the fall, Mr. Mangino suffered amnesia causing him to forget certain details regarding the accident and events occurring shortly thereafter. His last memory prior to awakening in the hospital was that the dog was within two or three feet of his right foot. Mr. Mangino does not remember the dog hitting the bicycle, nor does he remember speaking to paramedics after the accident. Other than Mr. Mangino, there are no known witnesses to the accident, as defendants were not home at the time.

On July 15, 2008, plaintiffs Robert and Diana Mangino brought suit against defendants by filing a complaint containing claims of common-law negligence and negligence per se under 3 P.S. §§459-305 and 459-502-A. Following discovery, defendants filed the instant motion for summary judgment on January 20, 2010. This court held oral argument regarding defendants' motion on April 26, 2010.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure. The rule states:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party

may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

The moving party bears the burden of proving that no genuine issue of material fact exists. *Rush v. Philadelphia Newspapers Inc.,* 732 A.2d 648, 650 (Pa. Super. 1999). In determining whether summary judgment is appropriate, the trial court is required to view the record in a light most favorable to the non-moving party, and "all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-moving party." *P.J.S. v. Pennsylvania State Ethics Commission,* 555 Pa. 149, 153, 723 A.2d 174, 176 (1999) (citing *Kapres v. Heller,* 536 Pa. 551, 640 A.2d 888 (1994)). A trial court should only grant a motion for summary judgment when the facts of record are so clear that reasonable minds could not disagree on the outcome. *Basile v. H & R Block Inc.,* 563 Pa. 359, 364, 761 A.2d 1115, 1118 (2000) (citing *Cochran v. GAF Corp.,* 542 Pa. 210, 215, 666 A.2d 245, 248 (1995). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and

to determine the truth of the matter. *Keenheel v Pennsylvania Securities Commission,* 134 Pa. Commw. 494, 504, 579 A.2d 1358, 1363 (1990).

"A proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to the jury." *McCarthy v. Dan Lepore & Sons Co. Inc.,* 724 A.2d 938, 940 (Pa. Super. 1998). "[I]f a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action." *Basile v. H & R Block Inc.,* 777 A.2d 95, 100 (Pa. Super. 2001). Therefore, if a plaintiff fails to present sufficient evidence of any element of the cause of action, the defendant is entitled to judgment as a matter of law. *Ertel v. Patriot-News Company,* 544 Pa. 93, 101, 674 A.2d 1038, 1042 (1996).

In Counts I and II of the complaint, plaintiffs allege that defendants violated 3 P.S. §459-305 by permitting their dog to roam and by failing to restrain their dog. Plaintiffs also allege that defendants violated 3 P.S. §459-502-A by harboring what plaintiffs consider to be a dangerous dog. Plaintiffs claim that violations of these statutes constitute negligence per se.

"The concept of negligence per se establishes both duty and the required breach of duty where an individual violates an applicable statute, ordinance or regulation designed to prevent a public harm." *Cabiroy v. Scipione,*

767 A.2d 1078, 1079 (Pa. Super. 2001). Having proven negligence per se, a plaintiff cannot recover unless it is demonstrated that the negligence was the proximate cause of the injury. *J.E.J. v. Tri-County Big Brothers/Big Sisters Inc.,* 692 A.2d 582, 585 (Pa. Super. 1997) The violation of the statute must be shown to be a substantial factor in causing the injury. *Gravlin v. Fredavid Builders and Developers,* 450 Pa. Super. 655, 661, 677 A.2d 1235, 1238 (1996). "Whether a party's conduct has been a substantial factor in causing injury to another is ordinarily a question of fact for the jury, and may be removed from the jury's consideration only where it is clear that reasonable minds cannot differ on the issue." *Vernon v. Stash,* 367 Pa. Super. 36, 46, 532 A.2d 441, 446 (1987).

3 P.S. §459-305 prohibits an owner of any dog from failing to keep the dog at all times either: "(1) confined within the premises of the owner; (2) firmly secured by means of a collar and chain or other device so that it cannot stray beyond the premises on which it is secured; or (3) under the reasonable control of some person[.]" 3 P.S. §459-305(a). This section of what is known as the "Dog Law" was enacted to protect against "personal injury, property damage and other hazards created by roving dogs." *Miller v. Hurst,* 302 Pa. Super. 235, 243, 448 A.2d 614, 618 (1982) *(overruled on other grounds)*. An unexcused violation of section 459-305 constitutes negligence per se, but absolute liability is not imposed on a dog owner for damages caused by a roving dog. *Id.* at 245, 448 A.2d at 618-19. Liability will only attach where the violation of the Dog Law is a substantial fac-

tor in bringing about the injuries sustained. *Id.* at 245, 448 A.2d at 619. Normally, the trier of fact will determine whether the violation is a substantial factor in causing the injury. *Id.*

"A dog owner may always show that his or her dog escaped despite the exercise of due care. In such cases, the roving of the dog would not constitute negligence." *Id.* at 244 n.8, 448 A.2d at 619 n.8. Whether an owner exercised due care despite the dog's escape is also a question for the trier of fact in certain circumstances. For example, in *Villaume v. Kaufman,* 379 Pa. Super. 561, 550 A.2d 793 (1988), a Doberman Pinscher owned by the Kaufmans entered the Villaumes' property and attacked the Villaumes' Shetland Sheepdog. *Villaume v. Kaufman,* 379 Pa. Super. 561, 563, 550 A.2d 793, 794 (1988). The Doberman Pinscher, which had been kept chained to a pole, was wearing its collar and dragging its unbroken chain as it entered the Villaumes' property. *Id.* Betty Villaume was injured while trying to separate the dogs. *Id.* The Villaumes brought suit, claiming that the Kaufmans were negligent in allowing their dog to run free it violation of 3 P.S. §459-305. *Id.* The case proceeded to trial, and the jury returned a verdict for the Kaufmans. *Id.* Following the verdict, the Villaumes filed post-trial motions for judgment n.o.v. and for a new trial. *Id.* The trial judge granted the post-trial motions, overriding the jury's verdict and ordering a new trial on the issue of damages owed to the Villaumes. *Id.* at 564, 550 A.2d at 794.

In reinstating the judgment for the Kaufmans, the Superior Court stated that the "jury obviously found that

the statute was not violated and that the Kaufman's dog had somehow gained its freedom by means other than a violation of the statute by the Kaufmans." *Id.* at 566, 550 A.2d at 796. Regardless of their ultimate conclusion, the jury was properly permitted to weigh the evidence and decide whether the Kaufmans took sufficient precautions in confining their dog. The mere fact that the Doberman Pinscher was usually tied up and was dragging its collar and chain was not sufficient evidence of the Kaufmans' due care to warrant a pre-trial decision on the Villaumes' negligence per se claim. The question was submitted to the jury to determine whether the Kaufmans took sufficient precautions to prevent their dog from roaming free. Therefore, a jury may consider whether the precautions taken by a dog owner sufficiently confine or secure the dog so as to constitute the exercise of due care, provided there is prima facie evidence that the dog owner's precautions were insufficient.

In the case sub judice, defendants' dog was confined within defendants' yard through the use of an invisible fence running along the perimeter of the lawn approximately fifteen feet from the edge of the road. Plaintiffs presented evidence and testimony tending to show that the fence did not adequately secure the dog. For example, plaintiffs questioned defendant Katherine Cowher regarding the manuals for the invisible fence. The manuals warned that an animal could, cross through the invisible fence despite being trained not to cross the fence and that an owner should not rely solely on the fence if the owner has reason to believe that the animal could pose a threat to others or itself if it crossed the boundary.

Katherine Cowher dep., 8/19/09, at 53. The manuals also warned that the shock from the collar could provoke an animal to become aggressive. *Id.* Defendant Katherine Cowher's deposition testimony also revealed that the invisible fence may not have been sufficient to confine the dog. Ms. Cowher testified that another one of defendants' dogs was unresponsive to the shock collar and needed to be restrained by other means. *Id.* at 37. She also testified that defendants failed to purchase a manual-recommended power cap battery tester to test the battery in the computer collar receiver. *Id.* at 54. Testimony also indicated that defendants may not have checked the invisible fence transmitter, and collars with sufficient frequency. *Id.* at 47, 49, 53, 55, 68; Earl Cowher dep., 8/19/09, at 4-7.

Plaintiffs presented sufficient evidence to call into question the precautions taken by defendants. A jury could conclude from the evidence that defendants failed to exercise due care when they left home for several hours while their dog was outside with only the invisible fence to confine it. Because defendants did not check the fence, battery, or the dog's collar before they left, a jury could also find that the fence was not working properly when the accident occurred. As in *Villaume,* the mere fact that defendants took some precaution to confine their dog does not establish that defendants exercised due care and cannot be found liable for negligence. Therefore it is for a jury to decide whether defendants took sufficient precaution by installing the invisible fence or whether defendants violated the Dog Law by failing to exercise due care.

436

In the event that the jury finds a violation of 3 P.S. §459-305, the jury must determine whether the violation was a substantial factor in bringing about the injuries sustained. It is readily apparent that there is a dispute of fact on this issue since defendants deny that the dog ever left their property on the day of the accident. The question, then, is whether plaintiffs presented sufficient evidence to submit this question to the jury. As stated above, this question is normally for the trier of fact. *Miller, supra* at 245, 448 A.2d at 619.

In support of their contention that defendants' alleged failure to confine their dog caused Mr. Mangino's injuries, plaintiffs presented evidence that Mr. Mangino's accident was not caused by a defect in the bike or in the road. Defendants testified that the paved road where the accident occurred was free of potholes. Katherine Cowher dep., 8/19/09, at 19-20; Earl Cowher dep., 8/19/09, at 8-9. Mr. Mangino also testified that his bike was working properly on the day of the accident and did not exhibit any mechanical problems. Robert F. Mangino Jr. dep., 7/20/09, at 38. Further, plaintiffs submitted a report from Paul D. Frankford, an individual with over 31 years of experience assembling and repairing bicycles. Pl.'s ex. 2. Mr. Frankford examined Mr. Mangino's bike after the accident and determined that no mechanical malfunction caused Mr. Mangino to fall from the bike. *Id.* Mr. Mangino also testified that he retrieved from his bike tire a tuft of dog hair matching the color of defendants dog. Robert F. Mangino Jr. dep., 7/20/09, at 79-80. Plaintiffs presented evidence that Mr. Mangino's account of the accident has remained consistent. Mr. Mangino testified that he informed hospital personnel that a dog caused the accident. *Id.* at 94. Plaintiffs also presented statements

and testimony that defendants' dog regularly chased and barked at individuals driving past defendants' property. Mr. Mangino testified that the dog would run toward him and bark while he was riding past the dog on occasions prior to the accident. *Id.* at 33, 92. Frank Nunley issued a statement indicating that defendants' dog occasionally chased his truck up and down the road Pl. s ex. 6. Frederick J. DeJohn IV also issued a statement recounting an incident where defendants' dog chased his SUV for approximately 20 to 30 feet. Pl.'s ex. 7.

Plaintiffs also reference Mr. Mangino's account of the accident as evidence that defendants' failure to confine their dog was a substantial factor in causing his injuries. Defendants argue that plaintiffs cannot establish that their dog caused the accident because Mr. Mangino cannot remember the dog actually hitting the bicycle and there were no other witnesses. A non-moving party, however, may demonstrate proximate cause through circumstantial evidence and thereby survive summary judgment where there are no actual witnesses to the cause of the injury. *Parker v. Quality Aggregates Inc.,* 65 D.&C.4th 385 (2003).[1]

In a factually similar case to the one at bar, the Superior Court chose to give the injured party an opportunity to prove her case at trial. *Liles v. Balmer,* 389 Pa. Super. 451, 567 A.2d 691 (1989). In that case, Catherine Liles sustained head injuries when she fell from her moped in front of the Balmers' residence. *Id.* at 454, 567 A.2d at 692. As a result of the fall, Ms. Liles suffered amnesia with regard to the accident. *Id.* at 455, 567 A.2d at 692.

---

1. Local docket no. 11050 of 2002, C.A.

Despite her inability to recall the exact details of the incident, Ms. Liles commenced an action against the Balmers, relying upon section 459-305 of the Dog Law. *Id.* at 454, 567 A.2d at 692. She alleged that the Balmers dog chased her moped as she was driving by and that the injury occurred when she attempted to evade the dog. *Id.* Ms. Balmer denied that the dog ever left the yard. *Id.* at 455, 567 A.2d at 692.

The Balmers filed a motion for summary judgment which was granted by the trial court. *Id.* at 453, 567 A.2d at 691. In reversing the trial court's decision, the Superior Court stated that "the record does not disclose, either by affidavit or by stipulation of facts, that plaintiff will be unable to produce evidence at trial to support the averments of her complaint." *Id.* at 456, 567 A.2d at 693.

Similarly, the record does not disclose that plaintiffs will be unable to prove their case at trial. As in *Liles,* the lack of witnesses and Mr. Mangino's amnesia are not fatal to plaintiffs' claims. Considering all of the evidence presented by plaintiffs cannot be said that there is insufficient evidence of facts to make out a prima facie cause of action for violation of 3 P.S. §459-305. "Under these circumstances, where the existence of a factual dispute is clear, the doubt will be resolved against the moving parties." *Liles* at 457, 567 A.2d at 693. Therefore, defendants' motion for summary judgment with respect to the violation of 3 P.S. §459-305 is denied.

In addition to 3 P.S. §459-305, plaintiffs allege that defendants violated 3 P.S §459-502-A, another section of the Dog Law. It is unclear from defendants' motion

for summary judgment whether defendants intended to challenge this portion of plaintiffs' complaint, since defendants' motion does not mention section 459-502-A. The court, however, will assume that defendants intended to challenge all violations of the Dog Law in their motion for summary judgment.

3 P.S. §459-502-A, which addresses the summary offense of harboring a dangerous dog, states:

"(a) . . . Any person who has been attacked by one or more dogs . . . may file a complaint before a magisterial district judge, charging the owner or keeper of the dog with harboring a dangerous dog. The owner or keeper of the dog shall be guilty of the summary offense of harboring a dangerous dog if the district justice finds beyond a reasonable doubt that the following elements of the offense have been proven:

"(1) The dog has done any of the following:

"(i) Inflicted severe injury on a human being without provocation on public or private property . . . .

"(iii) Attacked a human being without provocation . . . .

"(2) The dog has either or both of the following:

"(i) A history of attacking human beings . . . without provocation.

"(ii) A propensity to attack human beings . . . without provocation. A propensity to attack may be proven by a single incident of the conduct described in paragraph (1) (i), (ii), (iii) or (iv).

"(3) The defendant is the owner or keeper of the dog." 3 P.S. §459-502-A(a).

The Commonwealth Court has set forth the following elements necessary to find a violation of section 502-A:

"First, it must be established that the individual is the owner or keeper of the dog, and second, that the dog has committed one of four enumerated acts, one of which is attacking a human being without provocation. Finally, the third element that must be proven is that the dog has either or both a history of attacking human beings and/ or domestic animals without being provoked and/or a propensity to attack human beings without provocation, which may be proven by a single incident." *Commonwealth v. Seyler,* 929 A.2d 262, 266 (Pa. Commw. 2007) (citing *Commonwealth v. Baldwin,* 767 A.2d 644, 646 (Pa. Commw. 2001)).

In interpreting the 1996 amendments to the Dog Law, courts have determined that the propensity to attack may be proven by a single incident, even if it is only the first attack. *Underwood ex rel. Underwood v. Wind,* 954 A.2d 1199, 1205 (Pa. Super. 2008); *Commonwealth v. Hake,* 738 A.2d 46, 50 (Pa. Commw. 1999); *Rosen v. Tate,* 64 D.&C.4th 524 (Lehigh Cty. 2003).

Plaintiffs presented sufficient evidence to make a prima facie showing of a violation of 3 P.S. §459-502-A. In their answer, defendants admit that they are the owners of the dog in question. Therefore, plaintiffs have satisfied their burden under the first element. Evidence also was presented that the dog attacked a human being without provocation. The Dog Law defines "attack" as "deliberate action of a dog, whether or not in response to a command by its owner, to bite, to seize with its teeth

or to pursue any human, domestic animal, dog or cat." 3 P.S. §459-102. Plaintiffs presented evidence and testimony that the dog pursued Mr. Mangino. As a result, plaintiffs met their burden with regard to the second element of a violation of section 459-502-A. Finally, plaintiffs presented evidence and testimony that tended to show that the dog had a propensity to attack human beings without provocation. As stated above, the Dog Law now permits liability for the dog's first attack, which may be considered as evidence of the dog's dangerous propensities. *Underwood*, 954 A.2d at 1205. By presenting evidence that the dog pursued Mr. Mangino and attempted to pursue him and other individuals on different occasions, plaintiffs made a prima facie showing of the dog's propensity to attack human beings. Therefore, plaintiffs presented sufficient evidence that defendants violated 3 P.S. §459-502-A to survive summary judgment.

Although plaintiffs met their burden regarding the violation of the statute, plaintiffs must still produce evidence that the statutory violation was the proximate cause of the injury. Through circumstantial evidence and Mr. Mangino's account of the accident, plaintiffs made a prima facie showing that defendants' harboring of an allegedly dangerous dog was the proximate cause of Mr. Mangino's injuries. Where, as here, sufficient evidence is presented to support a claim and there is a dispute of material fact, the claim should not be dismissed. Therefore, defendants' motion for summary judgment with respect to the violation of 3 P.S. §459-502-A is denied.

In Counts III and IV of their complaint, plaintiffs set forth a common-law negligence claim against defendants.

Plaintiffs allege that defendants failed to take proper precautions to prevent their dog from chasing and harming individuals that passed by defendants' property.

A party may rely on common-law principles, in addition to statutory violations, to establish liability. *Deardorff v. Berger,* 414 Pa. Super. 45, 52, 606 A.2d 489, 493 (1992). The elements of a common law negligence claim are:

"(1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) the defendant's failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff." *McMahon v. Pleasant Valley West Association,* 952 A.2d 731, 735 (Pa. Commw. 2008).

In the case of a dangerous animal, it is well settled that an owner of such an animal cannot be held liable for the injuries caused by the animal unless the owner had knowledge of the animal's dangerous propensities and failed to take proper steps to prevent the animal from harming people. *Andrews v. Smith,* 324 Pa. 455, 458, 188 A. 146, 148 (1936). "[M]ere awareness and ownership of a vicious animal does not per se expose one to liability for injuries inflicted absent a failure on the part of the owner to take proper precautions to preclude that viciousness from exhibiting itself." *Deardorff, supra* at 50, 606 A.2d at 492.

In order to demonstrate that a dog owner is liable for injuries caused by the dog, it must first be shown that the

dog has dangerous or vicious propensities. Plaintiffs presented evidence that defendants' dog pursued him and ultimately caused his injuries. As stated above, the attack at issue may be considered as evidence of a dog's dangerous propensities. *Underwood,* 954 A.2d at 1205. Therefore, plaintiffs provided sufficient evidence demonstrating that defendants' dog had a propensity to chase individuals that passed by defendants' property.

Plaintiffs must also show that defendants had knowledge of their dog's dangerous propensities. Evidence was presented indicating that defendants were aware of their dog's propensity to chase and bark at those who passed by their house. For example, Mr. Mangino testified that, on several occasions, the dog ran along the invisible fence and barked at him as he rode by on his bicycle. Robert F. Mangino Jr. dep., 7/20/09, at 34. Mr. Mangino stated that defendants were outside and witnessed their dog do this. *Id.* Plaintiffs also offered statements from two individuals who had similar experiences with defendants' dog. Pl.'s ex. 6 and 7. In light of the evidence presented by plaintiffs, a fact-finder could infer that defendants had knowledge of their dog's dangerous propensities prior to the accident.

In addition, plaintiffs are required to demonstrate that defendants failed to take proper precautions to prevent their dog from causing injury. As detailed above, plaintiffs presented evidence tending to show that the invisible fence did not sufficiently prevent the dog from chasing people and vehicles. A jury could infer from plaintiffs' evidence that the invisible fence could not contain the dog, that defendants should not have kept the

dog outside after they left, or that defendants did not take the necessary steps to ensure that the invisible fence was working on the day of the accident. At this stage, plaintiffs presented sufficient evidence of defendants' failure to take proper precautions to prevent any injury caused by their dog.

Plaintiffs also made the required showing of a causal connection between the defendants' breach of duty and Mr. Mangino's injuries. Defendants' alleged failure to keep their dog confined in their yard permitted the dog to chase Mr. Mangino and cause him to fall from his bike. As a result, plaintiffs presented sufficient evidence to make out a prima facie case of negligence, and defendants' motion for summary judgment on plaintiffs' common-law negligence claim is denied.

## ORDER

And now, June 11, 2010, the court having held oral argument on April 26, 2010 regarding defendants' motion for summary judgment, with Carl M. Moses, Esquire, appearing and representing the plaintiffs, and LeeAnn A. Fulena, Esquire, appearing and representing the defendants, it is hereby ordered and decreed as follows:

(1) Defendants' motion for summary judgment is denied pursuant to the attached opinion.

(2) The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.