**Kokrak v. Colella**

*Nicole Greer,* for plaintiff.
*LeeAnn A. Fulena,* for defendants.

COX, *J.*, June 27, 2011—Before the court for disposition is the motion for summary judgment filed on behalf of defendants Rosemary L. Colella and John P. Colella, which argues that the plaintiff has failed to establish the dog that bit him had a vicious propensity.

The plaintiff began a partnership with Rick Porco in which they did fire restoration work. The plaintiff was hired to perform fire restoration tasks at the defendants' residence located at 2416 Old Pittsburgh Road, New Castle, Lawrence County, Pennsylvania. His main task was to remove a rancid odor from clothes and draperies. When the plaintiff arrived at the defendants' residence for his first visit, Mrs. Colella was standing in the kitchen with her Greyhound dog lying nearby. The dog did not growl or bark when the plaintiff drove up to the residence or when he entered. The dog did not appear to have aggressive tendencies at that time. Subsequently, the plaintiff made several other trips to the defendants' residence and the dog did not display any type of aggressive behavior towards him. On December 1, 2007, the plaintiff entered the residence to hang draperies. Mr. and Mrs. Colella were present at the residence on that occasion. The plaintiff stood on a stool and hung the draperies. While he was doing so, the dog laid in the living room watching him work. The dog did not bark or growl at the plaintiff. When he finished hanging the draperies, the plaintiff asked to pet the dog and was granted permission to do so from Mrs. Colella. The plaintiff approached the dog at that time and patted it on the head. In response, the dog immediately

bit the plaintiff on the index and middle fingers of his right hand. The dog continued to squeeze the plaintiff's hand until Mrs. Colella yelled something to make him stop. Immediately thereafter, Mrs. Colella shouted for Mr. Colella and she led the plaintiff to the kitchen to clean his wound. The plaintiff then sat down at the kitchen table, drank a Coke and exited the residence. Mr. Colella offered to transport the plaintiff to the hospital to seek medical care, but the plaintiff declined and drove himself home. However, the plaintiff went to the hospital the next day after being urged to do so by his mother. The plaintiff remained in the hospital for two days and received intravenous antibiotics.

On January 9, 2008, the plaintiff underwent exploratory outpatient surgery, but the plaintiff has not had any other treatment for his injuries since that time, except for occupational therapy. The plaintiff admitted that he did not have to miss work as a result of his injuries, but is required to use his other hand to complete some tasks in poor weather. Hence, the plaintiff filed suit against the defendants to recover damages for the injuries he sustained from the dog bite. However, the defendants have now filed this motion for summary judgment asserting that there is no evidence that the dog had a propensity for viciousness.

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after the relevant discovery has been completed. *Miller v. Sacred Heart Hospital*, 753 A.2d 829 (Pa. Super. 2000). Any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of any material fact as to a

necessary element of the cause of action or defense which could be established by additional discovery or expert report or if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. 1035.2.

Summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law. *Kafando v. Erie Ceramic Arts Co.*, 764 A.2d 59, 61 (Pa. Super. 2000) (citing *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 650-651 (Pa. Super. 1999)). The moving party bears the burden of proving the non-existence of any genuine issue of material fact. *Id.* A material fact, for summary judgment purposes, is one that directly affects the outcome of the case. *Gerrow v. Shinor Silicones, Inc.* 756 A.2d 697 (Pa. Super. 2000). The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. *DeSantis v. Frick Company,* 745 A.2d 624 (Pa. Super. 1999).

When determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hughes v. Seven Springs Farm, Inc.*, 563 Pa. 501, 752 A.2d 339 (2000) (citation omitted). Only when the facts are so clear that reasonable minds cannot differ, a trial court properly

enters summary judgment. *Basile v. H&R Block*, 761 A.2d 1115 (Pa. Super. 2001) (citing *Cochran v. GAF Corp.*, 542 Pa. 210, 215, 666 A.2d 245, 248 (1995)). The trial court must confine its inquiry when confronted with a motion for summary judgment to questions of whether material factual disputes exist. *Township of Bensalem v. Moore*, 152 Pa. Cmwlth. 540, 620 A.2d 76 (1993). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission*, 143 Pa. Cmwlth. 494, 579 A.2d 1358 (1990).

It is well established in Pennsylvania law that liability for an animal biting a person attaches to the animal's owner if the owner knew or had reason to know that the animal displayed vicious tendencies. *Kinley v. Bierly*, 876 A.2d 419, 422 (Pa. Super. 2005) (citing Restatement (Second) of Torts § 518). However, mere awareness of a vicious propensity does not per se expose the owner to liability, if the owner takes proper precautions to preclude that viciousness from exhibiting itself. *Deardorff v. Burger*, 414 Pa. Super. 45, 50, 606 A.2d 489, 492 (1992) (citation omitted). In *Deardorff*, the court determined that knowledge of a previous bite by a dog may not be sufficient to establish that the dog had a propensity for viciousness because there was evidence that the dog was mistreated prior to performing the first bite and the dog did not demonstrate any other signs of viciousness. *Id.*, 414 Pa. Super. at 53, 606 A.2d at 493. Several factual instances set forth circumstances that constitute knowledge of the dog's viciousness or dangerous propensities, which include but are not limited to: (1) complaints brought to

the owner's attention; (2) fighting with other dogs; (3) frequent confinement of the dog; (4) warning signs on the owner's premises; and (5) statements by the owner as to the dog's character. *Sheptak v. Wagner*, 23 Pa. D. & C. 3d 46, 48 (Pa. Com. Pl. 1982) (citing Proof of Facts 2d, vol. 13, pg. 473).

The plaintiff has attached two cases from the Court of Common Pleas of Lawrence County. The first case is *Allen v. Tanchuk*, 11 Pa. D. & C. 5th 326 (Com. Pl. Lawrence 2009), which was before this court on a motion for summary judgment. In that case, the plaintiff was employed at a veterinary clinic where the defendant brought her dog to get a rabies booster shot and a physical examination for its refusal to eat. The plaintiff held the dog as the doctor performed his examination. While that was occurring, the dog began wagging its tail and striking the doctor in the groin area. In response, another individual accompanying the defendant grabbed the dog's tail, but was instructed to release it. When he did so, the dog became violent and attacked the plaintiff. This court determined that the dog previously demonstrated a propensity for viciousness as there was evidence that the dog did not like its tail or back legs touched, it had aggressive tendencies "when it would see black people or someone in uniform" and the dog was acting strangely after the death of the defendant's husband. In addition, someone accompanying the defendant indicated to the staff that the dog should have been muzzled because it was uncomfortable around new people, but failed to inform the plaintiff or the doctor about that situation. Accordingly, it was determined that the plaintiff provided sufficient evidence to establish

that the dog had a propensity for viciousness, which the defendant should have known and provided safeguards for the plaintiff. *Id.*

The plaintiff also cited to *Mangino v. Cowher*, 13 Pa. D. & C. 5th 427 (Com. Pl. Lawrence 2010), which was determined by the Honorable Judge Thomas M. Piccione. In that case, the plaintiff was injured while riding a bicycle near the defendant's property when a dog owned by the defendant charged toward him. The plaintiff attempted to elude the dog, fell from the bicycle and sustained injuries. He subsequently filed suit claiming negligence and negligence per se. The defendants filed a motion for summary judgment, which was denied by Judge Piccione. The plaintiff presented evidence that the dog demonstrated a vicious propensity because it would often run along the defendants' lawn and bark at him as he rode past on his bicycle. The only barrier preventing the dog from chasing the plaintiff on previous occasions was an electric fence. The defendants were aware of these events because they were outside and observed the dog's behavior. Therefore, Judge Piccione determined that a fact-finder could infer from the evidence presented that the dog demonstrated a propensity for viciousness and the defendants were aware of that propensity. *Id.*

In the case sub judice, the evidence established that the plaintiff entered the defendants' residence on several occasions to perform his work-related tasks, such as cleaning different types of fabrics that were soiled by smoke damage. On these visits, the plaintiff observed the defendants' dog, but did not notice that it had any aggressive tendencies. The dog did not bark or growl at

him and, on most occasions, it appears the dog did not acknowledge the plaintiff's presence. On the plaintiff's last visit, he was hanging draperies and noticed that the dog was watching him. The plaintiff decided he wanted to pet the dog and he asked for permission to do so, which was granted by Mrs. Colella. As the plaintiff was patting the dog on the head, it bit him on the hand and clamped down tightly causing the plaintiff's injuries.

In his deposition, the plaintiff indicates that he discovered, after he was bitten, that the dog had a dangerous propensity, but he does not explain from whom he received that information and what type of dangerous propensity was exhibited by the dog. Moreover, the plaintiff admitted that he did not know whether the dog demonstrated a dangerous propensity prior to this incident. However, throughout his deposition, the plaintiff indicated that the dog was unresponsive when he entered the residence and it did not exhibit any type of aggressive behavior. In fact, the plaintiff explained that the dog never barked or growled at him when he entered the residence. Mrs. Colella testified that she usually allows people to pet her dog because it never demonstrated a propensity for viciousness. She stated that the dog often greets people when they enter the residence, which consists of the dog acting excited, but it never growls or barks, and then leaves the visitor alone for the duration of their stay. In his deposition, Mr. Colella stated that none of the workers asked to have the dog removed from the residence while they were there and they did not express any fear regarding the dog.

The plaintiff now argues that, based on *Allen* and *Mangino*, he has presented sufficient evidence to establish

that the dog had a dangerous propensity. However, in both of those cases, the record establishes that the dogs had displayed some form of vicious or aggressive behavior prior to the incidents for which the plaintiffs filed suit. In *Allen,* the dog did not like its tail or back legs touched, it had aggressive tendencies "when it would see black people or someone in uniform" and the dog was acting strangely after the death of the defendant's husband. Furthermore, a person accompanying the defendant indicated that the dog should be muzzled during the examination because it was uncomfortable around new people. Similarly in *Mangino,* the dog often barked and ran along the line of the electric fence when the plaintiff rode his bicycle past the defendants' residence. The defendants often observed the dog's behavior when the plaintiff rode his bicycle. In the current case, the plaintiff has not presented any evidence that the dog displayed any aggressive tendencies. The dog did not bark or growl when he entered the residence. In fact, it seems that the dog did not react to the plaintiff's presence. The most menacing behavior that the plaintiff provides is that the dog was staring at him while he was hanging draperies. Clearly, the evidence is insufficient to demonstrate that the dog had a dangerous propensity or that the defendants knew or should have known the dog was vicious. Therefore, the plaintiff has failed to present the court with sufficient evidence to establish that the dog displayed a propensity for viciousness prior to this incident.

For the reasons set forth in this opinion, the defendants' motion for summary judgment is granted.

ORDER OF COURT

Now this June 27, 2011, this case being before the court on May 31, 2011, for oral argument on the motion for summary judgment filed by the defendants, with both parties appearing through counsel, the plaintiff Albert Kokrak represented by counsel Nicole Greer, Esquire and the defendants Rosemary L. Colella and John P. Colella represented by counsel LeeAnn A. Fulena, Esquire and after a consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1.   In accordance with the attached opinion, the motion for summary judgment filed by the defendant is hereby granted.

2.   The Prothonotary is directed to enter a summary judgment in favor of the defendants Rosemary L. Colella Individually and John P. Colella, individually and Rosemary and John Colella jointly as husband and wife against the plaintiff Albert Kokrak.

3.   The complaint filed by the plaintiff against the defendants at the above-captioned term and number is hereby dismissed with prejudice.

4.   The Prothonotary is directed to serve a copy of this order of court upon counsel of record.