IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
    v.    :    No. 1206 C.D. 2021
    :    Submitted: October 28, 2022
Jody Hanlon,    :
    Appellant    :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE MICHAEL H. WOJCIK, Judge
    HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS    FILED: February 9, 2023

Jody Hanlon (Appellant) appeals from an order entered in the Court of Common Pleas of Montgomery County (trial court) on March 19, 2021, finding her guilty of violating Section 502-A(a) of the Dog Law,[1] 3 P.S. § 459-502-A(a), for harboring a dangerous dog. After review, we affirm.[2]

## I. BACKGROUND[3]

Appellant owned a dog, which she took with her to visit her mother's apartment on December 12, 2019. During the visit, Appellant's dog escaped the

---

[1] Act of December 7, 1982, P.L. 784, *as amended*, added by the Act of May 31, 1990, P.L. 213, 3 P.S. §§ 459-101 – 459-1206.

[2] This matter appears before us on transfer from the Superior Court pursuant to Section 762(a)(2) of the Judicial Code, 42 Pa. C.S. § 5103(a)(2). *See Commonwealth v. Hake*, 738 A.2d 46, 47 n.3 (Pa. Cmwlth. 1999) (noting that jurisdiction lies with the Commonwealth Court because the Dog Law "is not a penal statute under the Crimes Code (Title 18), but is a regulatory statute, administered and enforced by the Department of Agriculture (Title 7, Chapter 27 of the Pa. Code)").

[3] Unless otherwise stated, we adopt the statement of facts from the trial court's opinion, which is supported by substantial evidence of record. *See* Trial Ct. Op., 6/2/21, at 1-4 (unpaginated).

apartment and bit a neighbor, Sarah O'Brien, on the nose. Appellant appeared shortly after the assault and ushered the dog into the apartment. O'Brien sought treatment at the local hospital. Upon her return from the hospital, O'Brien called the police. Officer Bret Davis responded and spoke to O'Brien during his investigation. Following a referral from Officer Davis, Animal Control Officer (ACO) Tracy Daywalt and her husband arrived at Appellant's home the next day to investigate. Appellant provided ACO Daywalt and her husband with a piece of chicken, explaining that it was her method of introducing the dog to new people. Upon attempting to enter Appellant's residence, the dog lunged at ACO Daywalt. ACO Daywalt protected her face with her metal clipboard, while her husband slammed shut the door to the residence. Appellant asked ACO Daywalt to enter the residence again, but ACO Daywalt declined. By mail, ACO Daywalt issued a non-traffic citation to Appellant for Harboring a Dangerous Dog. *See* Non-Traffic Citation No. R1950041-2, 12/12/19. Appellant appealed to the trial court.

At the trial court's hearing, O'Brien, Officer Davis, and ACO Daywalt testified on behalf of the Commonwealth; Appellant testified on her own behalf. At the hearing's conclusion, the trial court found Appellant guilty and ordered her to pay $300 in fines in addition to court costs. Appellant timely appealed and filed a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Statement. The trial court issued a responsive opinion.

## II. ISSUE

Appellant asserts that the Commonwealth's evidence was insufficient to establish her guilt. Appellant's Br. at 4. According to Appellant, the Commonwealth failed to establish that Appellant's dog had a history of attacking human beings without provocation or a propensity to attack human beings without

2

provocation. *See id.* at 10. In response, the Commonwealth argues that its evidence was sufficient because a dog's propensity to attack human beings may be established with a single incident and O'Brien's testimony established Appellant's dog had attacked her without provocation.[4] Commonwealth Br. at 13-20.

### III. DISCUSSION[5]

Our standard of review to evaluate the sufficiency of evidence supporting a summary offense requires this Court to draw all reasonable inferences

---

[4] The Commonwealth also contends that Appellant's argument is waived because she failed to specify the element(s) upon which she asserts that the evidence was insufficient in her Pa. R.A.P. 1925(b) statement. *See* Commonwealth's Br. at 6 (citing *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009)). The Commonwealth asserts that Appellant's claim is also waived due to her failure to properly develop her claim in her appellate brief in violation of Pa. R.A.P. 2119(a). *See* Commonwealth's Br. at 10. (citing *Commonwealth v. Rush*, 959 A.2d 945, 950 (Pa. Super. 2008)).

There is some merit to these arguments. In her 1925(b) statement and her brief to this Court, Appellant asserts generally that the evidence introduced by the Commonwealth was insufficient to prove her guilt. *See* Appellant's Pa. R.A.P. 1925(b) statement; Appellant's Br. at 4. In summarizing her argument, Appellant again states generally that "the Commonwealth's evidence was insufficient to sustain a finding of guilt[.]" Appellant's Br. at 7. Nevertheless, this Court declines to find waiver because the trial court's opinion addressed Appellant's claim with substantial detail, and the deficiencies in Appellant's preservation of her claim do not preclude us from conducting meaningful appellate review. *See Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007) (holding that the appellant was entitled to review of issues, though vaguely articulated in his Pa.R.A.P.1925(b) statement, because the trial court "readily apprehended [his] claim and addressed it in substantial detail"); *see also Commonwealth. v. Hallock*, 722 A.2d 180, 182 (Pa. Super. 1998) (declining to find waiver because "the inadequacy of Appellant's brief does not prevent us from ascertaining that there is no merit to his appeal"). We may rely on Superior Court precedent for its persuasive value. *See Vasquez v. Berks Cnty.*, 279 A.3d 59, 90 n.3 (Pa. Cmwlth. 2022) (internal citation omitted).

The Commonwealth also suggests that Appellant mischaracterizes testimony. *See* Commonwealth Br. at 16. Considering our disposition, however, we need not address this argument.

[5] Our review is limited to determining whether the trial court's findings were supported by competent evidence, whether errors of law were committed, or whether the trial court's determinations demonstrated a manifest abuse of discretion. *See Commonwealth v. Comella*, 735 A.2d 738, 739 n.2 (Pa. Cmwlth. 1999).

from the evidence in the light most favorable to the Commonwealth as the verdict winner. *Commonwealth v. Seyler*, 929 A.2d 262, 264 n.3 (Pa. Cmwlth. 2007) (internal citation omitted). Using this standard, we must determine whether the trier of fact "could have found that each element of the [offense] charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Id*.

A conviction for the offense of harboring a dangerous dog requires proof of three elements: (1) the defendant is the owner or keeper of the dog; (2) the dog has committed one of four enumerated acts, including that the dog has "(i) inflicted severe injury on a human being without provocation on public or private property" or "(iii) attacked a human being without provocation;" and (3) the dog has a history of attacking human beings without provocation and/or a propensity to attack human beings without provocation, which may be proven by a single incident. 3 P.S. § 459-502-A(a); *see also Seyler*, 929 A.2d at 266.

Appellant does not dispute that she is the dog's owner or that the dog attacked O'Brien without provocation. *See* Appellant's Br. at 8-11. Rather Appellant challenges the trial court's finding that the dog has the propensity to attack human beings without provocation. *See id.* at 10.

Previous versions of the Dog Law required multiple incidents before a dog owner could be found guilty of harboring a dangerous dog. *See, e.g.*, *Eritano v. Commonwealth*, 690 A.2d 705, 708-09 (Pa. 1997) (interpreting the term propensity, within the meaning of the Dangerous Dog Statute prior to the 1996 amendments, to require more than one event). However, the 1996 amendments clarified that the propensity of a dog to attack "may be proven by a single incident." Section 502-A(a)(2)(ii) of the Dog Law, 3 P.S. § 459-502-A(a)(2)(ii); s*ee Commonwealth v.*

*Hake*, 738 A.2d 46, 49-50 (Pa. Cmwlth. 1999). This Court has repeatedly confirmed that a single incident of the conduct described in Section 502-A(a)(1)(i)-(iv) of the Dog Law suffices to prove a dog's propensity to attack for purposes of the summary offense of harboring a dangerous dog. *See Seyler*, 929 A.2d at 266; *Hake*, 738 A.2d at 50; *Commonwealth v. Pennock* (Pa. Cmwlth., No. 863 CD 2021, filed October 23, 2022), 2022 WL 15527898.[6]

Here, O'Brien testified that Appellant's dog unprovokedly attacked her while she was walking into the main entrance of her building. Notes of Testimony (N.T.), 3/9/2021, at 4. According to O'Brien, the dog grabbed the bag she was carrying, and when she released the bag, the dog jumped up and bit her nose. *Id*. at 4-5. Further, ACO Daywalt testified that, on the following day while she investigated the incident, the dog lunged at her despite using Appellant's method of introducing herself to the dog with a piece of chicken. *Id.* at 25. According to ACO Daywalt, she shielded herself from the dog using her metal clipboard. *Id.*

This evidence was more than sufficient. In discussing propensity, the trial court credited both attacks. *See* Trial Ct. Op. at 4. Further, the court reasoned that Appellant's efforts to render her dog safe around strangers indicated that Appellant was aware that her dog had "certain tendencies." *Id*. Thus, based upon the testimony and reasonable inferences drawn therefrom, we discern no error in the trial court's conclusion that Appellant's dog had a propensity to attack humans without provocation. *See* 3 P.S. §459-502-A (a)(2)(ii); *see also Hake*, 738 A.2d at 49-50.

---

[6] Pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa. R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court, while not binding, may be cited as persuasive.

**IV. CONCLUSION**

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the Commonwealth established that Appellant was guilty of harboring a dangerous dog. *See Seyler*, 929 A.2d at 264 n.3; Section 502-A(a) of the Dog Law, 3 P.S. § 459-502-A(a). Accordingly, we affirm.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1206 C.D. 2021 |
| | : | |
| Jody Hanlon, | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 9th day of February, 2023, the order entered in this matter by the Court of Common Pleas of Montgomery County on March 19, 2021, is AFFIRMED.

---

LORI A. DUMAS, Judge