J-A24028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PETER PIPOLO AND ELISABETH PIPOLO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 956 EDA 2024 |
| JESSICA FISH, AND KANDI FULLERTON | : | |

Appeal from the Order Entered March 5, 2024
In the Court of Common Pleas of Monroe County Civil Division at No(s):
005647-CV-2021

BEFORE:  LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                **FILED DECEMBER 4, 2024**

Appellants, Peter and Elisabeth Pipolo, appeal from the order entered in the Monroe County Court of Common Pleas, which dismissed their negligence action for failure to join an indispensable party.  We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. Appellants saw a Facebook post made by Kandi Fullerton about Chance, a 15-month-old golden retriever who was available for adoption.  Mrs. Pipolo contacted Ms. Fullerton, whose sister was Chance's owner, and Ms. Fullerton advised Mrs. Pipolo that the dog's owner was too old to care for him.  During this time, Ms. Fish was also interested in adopting Chance, and Ms. Fullerton arranged for Chance to be transported to Ms. Fish's home.  However, after this happened, Ms. Fish lost interest in an adoption.  Subsequently, Appellants

met Chance at Ms. Fish's residence and took him home. Six days later, Chance bit Mrs. Pipolo. Four days after the first bite, Chance bit Mrs. Pipolo again.

On October 7, 2021, Appellants filed a complaint against Ms. Fish. On November 1, 2021, Ms. Fish filed preliminary objections to the complaint. On April 19, 2022, the trial court overruled the preliminary objections. On May 10, 2022, Ms. Fish filed an answer and new matter.

On March 29, 2023, Appellants filed an amended complaint, adding Ms. Fullerton as a defendant and alleging that Appellees Fish and Fullerton had been negligent for failing to advise Appellants that Chance had "food aggression" and other dangerous tendencies. On April 20, 2023, Ms. Fish filed an answer and new matter. On May 4, 2023, Ms. Fullerton filed preliminary objections, arguing that the amended complaint failed to name the dog's prior owner, who was an indispensable party. The trial court held oral argument on the preliminary objections on September 15, 2023.

On January 23, 2024, the trial court issued an opinion and order sustaining the preliminary objections and ordering Appellants to file a second amended complaint naming Chance's prior owner as a defendant.

On February 7, 2024, Appellants filed a motion seeking entry of a final, appealable order, noting that the statute of limitations had expired, and they could not file an amended complaint joining the prior owner as an indispensable party. Appellants suggested that the court dismiss the case so that Appellants could file an appeal.

On March 4, 2024, the trial court granted Appellants' motion and

dismissed the negligence action. On March 26, 2024, Appellants timely filed a notice of appeal. On April 15, 2024, the trial court ordered Appellants to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On April 18, 2024, Appellants timely complied.

On appeal, Appellants raise the following issue for review:

> Is the sister of [Appellee Fullerton], who is the owner of the dog in question that attacked [Appellant], not an indispensable party as [Appellants] had no contact whatsoever with the dog owner, the dog was not in possession or control of the owner at any time during the operative events as pled in the amended complaint, and the failure to disclose the dangerous propensities of the dog were made by [Appellees] and not the dog owner?

(Appellants' Brief at 7).

Appellants argue that the dog's owner is not an indispensable party as that term is generally defined, because the owner had never met nor had any contact with Appellants, made no representation to Appellants, and never had the dog in her possession at any time during the events described in the amended complaint regarding the adoption of the dog. Rather, Appellants assert that the claims set forth in their complaint are based upon Ms. Fish and Ms. Fullerton's failures to disclose the known dangerous propensities of the dog, not any actions or representations of the dog owner. Appellants contend that the owner is not an indispensable party because no redress was sought against her, and her rights would not be prejudiced by any decision in this litigation. Appellants conclude that the trial court erred by sustaining the preliminary objections and dismissing their amended complaint. We agree

that relief is due.

The following principles govern our review of an order sustaining preliminary objections:

> Our standard of review mandates that on an appeal from an order sustaining preliminary objections which would result in the dismissal of suit, we accept as true all well-pleaded material facts set forth in the [a]ppellant's complaint and all reasonable inferences which may be drawn from those facts. This standard is equally applicable to our review of [preliminary objections] in the nature of a demurrer. Where, as here, upholding sustained preliminary objections would result in the dismissal of an action, we may do so only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. We review for merit and correctness—that is to say, for an abuse of discretion or an error of law. This case was dismissed at the preliminary objections stage on issues of law; our scope of review is thus plenary.

**Marks v. Nationwide Ins. Co.**, 762 A.2d 1098, 1099 (Pa.Super. 2000), *appeal denied*, 567 Pa. 751, 788 A.2d 381 (2001) (internal citations omitted) (quoting **Donahue v. Federal Express Corp.**, 753 A.2d 238, 241 (Pa.Super. 2000)).

The failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction. **Strasburg Scooters, LLC v. Strasburg Rail Road, Inc.**, 210 A.3d 1064, 1069 (Pa.Super. 2019). A party is indispensable,

> when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. If no redress is sought against a party, and its

rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation. We have consistently held that a trial court must weigh the following considerations in determining if a party is indispensable to a particular litigation:

>    1. Do absent parties have a right or an interest related to the claim?
>
>    2. If so, what is the nature of that right or interest?
>
>    3. Is that right or interest essential to the merits of the issue?
>
>    4. Can justice be afforded without violating the due process rights of absent parties?
>
> In determining whether a party is indispensable, the basic inquiry remains whether justice can be done in the absence of a third party.

**Strasburg Scooters, LLC, supra** at 1069.

Further, "[i]n a typical injury case, the plaintiff must prove all of the following elements of negligence: (1) the defendant owed the plaintiff a duty or obligation recognized by law; (2) the defendant breached that duty; (3) a causal connection existed between the defendant's conduct and the resulting injury; and (4) actual damages occurred." **Grove v. Port Auth. of Allegheny County**, 655 Pa. 535, 554, 218 A.3d 877, 889 (2019).

This Court has held that, generally,

> "one who possesses or harbors a domestic animal that he does not know or have reason to know to be abnormally dangerous, is subject to liability for harm done by the animal if, but only if,
>
> (a) he intentionally causes the animal to do the harm, or

(b) he is negligent in failing to prevent the harm."

> ***Kinley v. Bierly***, 876 A.2d 419, 422 (Pa.Super. 2005) (quoting Restatement (Second) of Torts § 518: Liability for Harm Done by Domestic Animals That Are Not Abnormally Dangerous).

> A dog owner is subject to liability for negligence for injuries caused by his dog when he knows or has reason to know that the dog has dangerous propensities and yet fails to exercise reasonable care to secure the dog to prevent it from injuring another. ***Deardorff v. Burger***, [606 A.2d 489, 492 (Pa.Super.] 1992). The same liability extends to custodians and keepers of a dog with known dangerous propensities while the dog is in their custody and control.

***Franciscus v. Sevdik***, 135 A.3d 1092, 1094-95 (Pa.Super. 2016).[1] The operative fact here is the knowledge of the dog's tendencies: for example, the ***Deardorff*** Court rejected the imputation of *per se* liability to a co-owner of a dog, as there was no authority for the premise that "one negligent owner of a dog makes the other owner responsible." ***Deardorff, supra*** at 494. On the other hand, the ***Franciscus*** Court imputed liability to caretaker defendants where they knew or should have known that a dog in their care had dangerous tendencies. ***Franciscus, supra*** at 1096.

Instantly, the trial court concluded that it is incumbent upon the owner of a dog to keep his or her dog from misconduct and that an owner on notice

---

[1] This Court further noted that this holding was "consistent with the Pennsylvania Dog Law, 3 P.S. § 459-102, which defines owners as 'every person who keeps or harbors such, or has it in his care.' ***See Commonwealth v. Seyler***, 929 A.2d 262 (Pa.Cmwlth. 2007) (upholding defendant's conviction of summary offenses under the Dog Law where dog resided in her home and she was walking the dog at the time of the attack)." ***Franciscus, supra*** at 1095 n.4.

of the dog's dangerous tendencies will be liable for subsequent misconduct of the dog. (**See** Order and Opinion, 1/22/24, at ¶ 13). Further, the court observed that our appellate courts have held that "liability for damages cannot be fastened upon the owner of a dog when that dog has bitten someone unless the owner knew of the dog's vicious propensities." (**See id.** at ¶ 14, quoting **Deardorff, supra** at 491 (quoting **Andrews v. Smith**, 324 Pa. 455, 188 A. 146 (1936)). The court further noted that alleged negligence cannot be imputed to an alleged co-owner of a dog, and that, as such, it is reasonable for the owner of the dog to be named as a party in an action seeking damages for injuries caused by the dog. (**Id.** at ¶¶ 15-16). Therefore, the trial court determined that the owner of the dog was an indispensable party to the action. We cannot agree with the court's analysis.

Initially, we note that the **Andrews** case cited by the trial court stood solely for the proposition that "mere awareness and ownership of a vicious animal does not *per se* expose one to liability for injuries inflicted absent a failure on the part of the owner to take proper precautions to preclude that viciousness from exhibiting itself." **See Deardorff, supra** at 492. Nor does the cited portion of **Deardorff** prohibit the imposition of liability upon a co-owner. **See id.** Rather, as noted above, **Deardorff** rejected the **per se imposition of liability** on co-owners where there was **no allegation that the co-owner was negligent**. **Id.** It did not, as the trial court implies, absolve a co-owner from all liability for a dog's actions.

Here, Appellants alleged that Ms. Fish and Ms. Fullerton knew or should

have known that Chance had displayed food aggression. Specifically, the amended complaint avers: 1) that after the incidents and Mrs. Pipolo's injuries, Ms. Fullerton advised Mrs. Pipolo that Chance had displayed food aggression to Ms. Fullerton's sister; and 2) that after the incidents and Mrs. Pipolo's injuries, Ms. Fish indicated her awareness of Chance's food aggression and advised Mr. Pipolo that she assumed Chance had caused her other dog's eye injury. (Amended Complaint, 3/29/23, ¶¶ 21-22). Based on the above, Appellants pled that Chance had known dangerous propensities and that Ms. Fish and Ms. Fullerton were "custodians and keepers of a dog…in their custody and control," who knew of such propensities. **See Franciscus, supra** at 195.

On the other hand, Appellants did not allege in their amended complaint that Ms. Fullerton's sister (Chance's owner) knew or should have known about Chance's food aggression. Rather, the amended complaint—and Ms. Fullerton's own Facebook post—alleges that the owner gave up the dog for adoption because she was too old to care for it. (Amended Complaint at ¶ 5). Although the amended complaint alleges that Ms. Fullerton later advised Mrs. Pipolo that Chance had displayed aggression to her sister, Appellants did not seek redress against Ms. Fullerton's sister, and her rights would not be prejudiced by any decision in the case. **Strasburg Scooters, LLC, supra**. Nor have Appellees explained how the failure to join Ms. Fullerton's sister violates her due process rights. **See id.** Based on the above, Ms. Fullerton's sister is not an indispensable party to the action, and the court erred in sustaining the preliminary objections and dismissing the action on this ground.

***See Marks, supra***; ***Strasburg Scooters, LLC, supra***; ***Franciscus, supra***.

Accordingly, we reverse and remand for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/4/2024</u>